MONROE, J.
An automobile hired from a public stand, in which Mrs. Roby, one of the plaintiffs herein, her two grown stepsons and her two minor sons were being conveyed to the Fair Grounds, near Shreveport, was run into by one of defendant’s trains at a railway crossing on Texas avenue, and Mrs. Roby and her stepson, S. Greer RoBy, were injured, and her minor son, Virgil, 11 or 12 years of age, was killed. Three suits for damages were instituted, which, the facts and the law. being about the same in each case, were consolidated for the purposes of the trial in the district court and the argument in this court, and an opinion has been handed down in the suit brought by Mrs. Roby for damages for the injuries sustained by her personally, being the suit entitled Mrs. J. A. G. Roby et *897 al. v. Kansas City Southern By. Co., No. 18,870, 58 South. 696,[1] this day decided, which covers all the cases, save as to the amounts to be allowed. Except in the respect thus mentioned, therefore, the judgment in this case will be predicated upon the reasons assigned in the case referred to. This is a suit by the parents for the recovery of the damages sustained by them by reason of the death of their minor son, Virgil. There was a verdict and judgment in the district court in favor of plaintiffs in the sum of $500, and they have answered the appeal, and pray that the amount be increased. *We are of opinion that the prayer should be granted. The death of the minor was almost instantaneous, and there is nothing to show that he was subjected to any suffering. Plaintiffs are therefore entitled to recover only for their sorrow for the loss of their son, for the present and future deprivation of his society, and the prospective aid and comfort which they would have had the right to expect from him. The question thus presented was considered in the comparatively recent case of Underwood v. Gulf Refining Co., 128 La. 968, 55 South. 641, and the jurisprudence of this court to the effect that such damages are recoverable, as actual damages, was affirmed; the plaintiffs in that case being the brothers of him who was killed.
In Sundmaker v. Railroad Co., 106 La. 111, 30 South. 285, $4,000 was allowed the mother for the death of a child two years old who was killed instantly.
In Buechner v. City of New Orleans, 112 La. 599, 36 South. 603, 66 L. R. A. 334, 104 Am. St. Rep. 455, $6,000 was allowed the parents for the death of their son, eight or nine years of age, who was found drowned. In Cherry v. Louisiana, C. & A. R. Co., 121 La. 471, 46 South. 596, 17 L. R. A. (N. S.) 505, 126 Am. St. Bep. 323, $12,000 was allowed the parents for the deaths of two sons, aged 6 and 10 years, respectively, who survived their injuries for perhaps 24 hours. In Weekly v. Louisiana & W. R. Co., 129 La. 790, 56 South. 889, $6,000 was allowed the father for the death of his son, a boy seven years of age, who was killed instantly.
We are therefore of opinion that the amount awarded the plaintiffs in this case should be increased to $6,000 for the reasons thus given, and for those assigned in the case of Mrs. J. A. G. Roby et al. v. Kansas City Southern Railway Co., No. 18,870, 58 South. 696, ante, p. 880, this day decided.
It is accordingly ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the amount of the award to $6,000. It is further decreed that as thus amended said judgment be affirmed, defendant to pay the costs of the appeal.

Ante, p. 880.