(75 South. 209)

No. 22233.

SUTTON et al. v. CHAMPAGNE et al.

(Feb. 12, 1917. On Rehearing, May 14, 1917.)

(Syllabus by Editorial Staff.)

1. PARENT AND CHILD ⬤═13(1) — LIABILITY FOR TORTS.

C., a 14 year old boy, who had been given a rifle and cartridges by his father, and had been shooting in the streets in violation of a city ordinance, intrusted the gun to S., another inexperienced 14 year old boy, who accidentally fired it, killing plaintiff's son. Civ. Code arts. 2315–2318, impose liability on any person whose act or negligence occasions damage to another, and makes the father, or, after his decease, the mother, responsible for the damage occasioned by their minor or unemancipated children residing with them. Held, that C.'s father was lia-

[1]Ante, p. 466.

ble, as he was responsible for the act of his son in handing the rifle to S.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 145–147.]

2. PARENT AND CHILD ⬤═13(1)—LIABILITY FOR TORTS.

The mother of S. was also liable, as it was the unskillful and careless handling of the rifle in the street by her boy that caused the death of plaintiff's child.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 145–147.]

3. INDEMNITY ⬤═13(1) — RECOVERY AGAINST ONE PRIMARILY LIABLE.

The mother of S. was entitled to recourse over against C.'s father, as C.'s act in intrusting the gun to her inexperienced child brought the responsibility upon her.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29, 30, 33, 34.]

On Rehearing.

4. DEATH ⬤═99(3)—DAMAGES FOR DEATH—ALLOWANCE FOR DEATH OF MINOR.

In an action by a husband and wife for the death of their 9 year old son, an award of $5,000 as damages was proper, especially in view of Civ. Code, art. 2334, as amended by Act No. 170 of 1912, providing that actions for damages resulting from offenses and quasi offenses are the separate property of the wife, under which both husband and wife have causes of action for damages resulting from offenses and quasi offenses.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125, 126, 128.]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by Mr. and Mrs. David Sutton against Mr. and Mrs. Louis J. Champagne and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

A. D. Danziger, of New Orleans, for appellants. St. Clair Adams and Arthur J. Peters, both of New Orleans, for appellee Champagne. Henri Wolbrette and Edward P. Quinius, both of New Orleans, for appellee Sill.

PROVOSTY, J. This suit is against the parents of the two 14 year old boys, Charles Champagne and Leo Sill, in damages for the death of a colored boy, the little 9 year old son of the plaintiffs, who was killed in one of the streets of the city of New Or-

leans, in the built-up part of the city, by a bullet out of a 22-caliber Remington rifle, capable of killing a man at 300 yards, with which the two boys and four other boys of about the same age had just been shooting birds in the street. This discharging of a firearm in the street was a violation of a city ordinance. The responsibility of the parents is deduced from article 2315 of the Civil Code, to the effect that "whatever act of man causes injury to another obliges him by whose fault it happens to repair it" and from articles 2316, 2317, and 2318, which read:

"Art. 2316. Every person is responsible for the damage he occasions, not merely by his act, but by his negligence, his imprudence, or his want of skill.

"Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modification:

"Art. 2318. The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.

"The same responsibility attaches to the tutors of minors."

If the gun was intentionally fired at the boy, and was in the hands of young Champagne, as plaintiffs contend, the liability of defendant Champagne would have to be admitted, and the liability of the other defendant Mrs. Sill, might also be possible, on the theory on which plaintiffs seek to hold her, that young Sill was aiding and abetting the said intentional act; but, even if the gun was in the hands of young Sill and the firing was accidental, as defendants contend, one or both of the defendants would still be liable for the unskillful or careless handling of so dangerous an instrument as a firearm in the street of a crowded city, as the result of which some one is killed, amounts in law to fault which entails liability. Marionneaux v. Brugier, 35 La. Ann. 13; Mullins

v. Blaise, 37 La. Ann. 92; Lagrappe v. Tisseau, 14 February, 1831, Supreme Court of Bordeaux, France Journal du Palais 1831–32, p. 1211.

The rifle and the cartridges had been given to young Champagne by his father, and on the occasion in question young Champagne was shooting birds with it in a large tree in the street; the other boys being with him. Leo Sill begged to have the gun to shoot, and Champagne let him have it; and just then the gun went off, as Leo Sill was trying to ascertain whether it was cocked.

Plaintiff has not made it legally certain that the firing was intentional; hence the case has to be disposed of on the theory that it was accidental.

[1] We have no difficulty in deducing the liability of the defendant Champagne. He, under the above-quoted codal provision, is answerable for the acts of his boy; hence the legal situation as to him is precisely as if he, and not his boy, had handed this rifle to inexperienced young Sill, to be discharged in the street in violation of the city ordinance. Thereby he assumed the risks incidental to the inexperience and unskillfulness of the boy in handling this dangerous instrument.

[2, 3] We meet with more difficulty in solving the legal problem as to the liability vel non of the mother of young Sill. It seems illogical and hard that a mother should be liable in damages for the consequences of the act of somebody else in intrusting a dangerous instrument to her inexperienced child out of her presence and without her knowledge. At the same time the plaintiffs make out a case against her, under the hereinabove quoted codal provisions, when they show that, owing to the unskillful and careless handling of a rifle in the street by her boy, their child was killed. The solution of the problem must be that, while she is liable to the plaintiff, she has her recourse over against the person who by his act brought

the responsibility upon her; and we shall so decide.

In view of all of the circumstances of the case, we fix the amount of the damages at $5,000.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the plaintiffs David Sutton and Maria Sutton, have judgment against the defendants, Louis J. Champagne and Mrs. Maggie Sill, in solido, for the sum of $5,000 with legal interest thereon from the date of this judgment, and for the costs of this suit, and that, upon payment of this judgment, or of any part thereof, the said Mrs. Maggie Sill have judgment over against the said Louis J. Champagne for whatever amount is thus paid by her.

### On Rehearing.

[4] The rehearing was granted only as to the amount of damages to be allowed. It was refused as to other matters.

The plaintiffs are husband and wife, who are suing defendants for damages for the death of their son, aged 9 years.

L. J. Champagne, one of the defendants, complains of the amount of the judgment against him.

A re-examination of cases wherein damages have heretofore been awarded for the death of minors shows that the amount allowed in this case is in line with those which have preceded it.

In the following where only one parent sued and obtained judgment, the amount was as is here set forth:

Sundmaker v. Railroad Co., 106 La. 111, 30 South. 285, for a 2 year old child, $4,000.

Sarah Wilson v. Banner Lumber Co., 108 La. 590, 32 South. 460, for a son 16 years of age, $2,000.

Parker v. Crowell & Spencer Lumber Co., 115 La. 463, 38 South. 445, for a son 17 years of age, $5,000.

Bourg v. Brownell-Drews Lumber Co., 120 La. 1009, 45 South. 972, 124 Am. St. Rep. 448, for a boy 14 years of age, $5,000.

Le Blanc v. United Irrigation & Rice Milling Co., 129 La. 196, 55 South. 761, for a son 18 years of age, $6,000.

Weekly v. Louisiana Western Co., 129 La. 790, 56 South. 889, Ann. Cas. 1913B, 798, for a son 7 years of age, $6,000.

Johnson v. Industrial Lumber Co., 131 La. 897, 60 South. 608, for a son 16 years of age, $5,000.

Albert v. Munch, 141 La. 686, 75 South. 513, for a son 10 years of age, $6,000.

In the following cases, where both parents sued and obtained judgment, the amount was as is hereafter set forth. In some of these cases the judgments are larger than those noted above, because there were two plaintiffs, instead of one; and this is proper, especially since the amendment of article 2334, Civil Code, by Act 170 of 1912, page 310, which says:

"Actions for damages resulting from offenses and quasi offenses [by the wife] are her separate property."

Both husband and wife have causes of action for damages resulting from offenses and quasi offenses:

Le Blanc and Wife v. Sweet, 107 La. 355, 31 South. 766, 90 Am. St. Rep. 303, for a daughter 16 years of age, $2,500.

Buechner et ux. v. City of New Orleans, 112 La. 599, 36 South. 603, 66 L. R. A. 334, 104 Am. St. Rep. 455, for a son, $6,000.

Burns et ux. v. Ruddock-Orleans Cypress Co., 114 La. 247, 38 South. 157, for a boy 17 years of age, $12,000.

Parrenin et ux. v. Crescent City Stockyard & Slaughterhouse Co., 120 La. 75, 44 South. 990, for a minor son, about 20 years of age, $2,500.

Cherry et ux. v. Louisiana & Arkansas Railway Co., 121 La. 471, 46 South. 596, 17 L. R. A. (N. S.) 505, 126 Am. St. Rep. 323,

for the death of two boys, 6 and 10 years of age, $12,000.

Robertson et ux. v. Town of Jennings, 128 La. 795, 55 South. 375, in favor of the father, for an infant, $2,632.

Roby et ux. v. Kansas City Southern Ry. Co., 130 La. 896, 58 South. 701, for a son about 12 years of age, $6,000.

Lea et ux. v. Kentwood & E. Ry. Co., 131 La. 852, 60 South. 370, for a son about 17 years of age, $6,000.

Vincent et ux. v. Morgan, Louisiana and Texas R. R. Co., 140 La. 1027, 74 South. 541, for a son 16 years of age, $10,000.

As both parents are parties plaintiff in this suit, and the wife's share in this judgment is her separate property, we think that the judgment in their favor for $5,000 for the loss of their son is in line with the more recent decisions of the court, and it will not be disturbed.

The former judgment of the court is reinstated and made the judgment of the court.