JACOBY v. GALLAHER

___

(January 27, 1930. Opinion and Decree.)
(February 17, 1930. Rehearing Refused.)
(March 31, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

___

Borah, Himel & Block, of New Orleans, attorneys for plaintiffs, appellants.

478

Gordon Boswell, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiffs, as mother and father, sued defendant for damages for the death of their 5 year old son Carl, who was killed by an automobile owned and driven by defendant on federal highway No. 61, in Jefferson county, Mo., on July 3, 1927, at 10:30 o'clock a. m. Defendant denied liability on the ground that the child was solely at fault, and that defendant was free from any negligence. There was judgment in favor of defendant dismissing plaintiffs' suit, and they have appealed.

The record shows that the defendant, aged 58 years, together with certain members of his family and two friends, were taking an automobile trip in his Hudson coach during his vacation. He was driving north on federal highway No. 61 in Jefferson county, Mo., on July 3, 1927, at 10:30 a. m., when he approached five boys, who were walking on the shoulder of the paved highway and going in the same direction. The highway was constructed of concrete, and is 18 feet wide, with a shoulder on each side made of chat and gravel, about 6 feet in width. This chat and gravel forms a hard surface, but there was some grass growing upon it. The highway connects the towns of Barnhardt and Perverly, which are south of St. Louis. The accident occurred about equidistant between these two towns, which are about 5 miles apart. At intervals there were some residences along the road, and it appears that it was customary for pedestrians to walk upon the shoulder of the highway in this section.

Defendant testified that he was driving his Hudson coach on this highway, and that, when he came over the crest of a hill and started down grade, he noticed the boys walking on the left side of the highway on the shoulder of the road, and going in the same direction in which he was proceeding; that the boys were about 75 yards off at the time he first saw them, and, observing that they were off of the concrete part of the highway and on the shoulder of the road, which he considered a place of safety, he did not pay particular attention to them thereafter until the very moment of the accident; that the deceased child had been walking along holding his 14 year old brother's hand, about 2 feet off the paved portion of the road, when suddenly, and without any warning, the child ran across the highway on an angle, running into the left front side of his car, and striking either the bumper or the fender, which threw him backward upon the road and caused a fracture of his skull, from which he later died; that at the time of the accident he was driving at about 30 or 35 miles an hour, and did not give any warning of his approach by sounding his horn; that, when he saw something dart out from the side of the road, which proved to be the child, he applied his brakes and swerved to the right in an attempt to avoid him, and the right wheels of his car ran off the paved portion of the road onto the graveled shoulder on the right side of it, and that he brought his car to a stop within a reasonable distance of about 30 feet; that the child was taken to a doctor for attention, which proved unavailing; and that from the time the child started across the highway until he was struck was just a second of time, and defendant did not have any opportunity of avoiding the accident.

The plaintiff's witnesses fixed the speed of the automobile at the rate of about 40 or 45 miles an hour, and contradict the defendant's evidence as to the distance within which he brought his automobile to a stop, but we believe that this case can be de-

cided on the testimony given by the defendant.

The question before the court is whether or not a motorist owes any duty to children, whom he sees walking along the side of a highway upon the part constructed as a shoulder to the highway, and who are proceeding in the same direction as the automobile and therefore approached from the rear, to give warning of the approach of his car and to place it under such control that, should any of the children attempt to cross the highway, the automobile could be brought to a stop in time to avoid an accident.

The plaintiffs contend that the defendant was guilty of negligence in two respects: First, in failing to give any warning of the approach of his car to the boys; and, second, in failing to slacken his speed and place his car under proper control.

Defendant contends that the shoulder of the road was used by pedestrians in this section as a sidewalk, and that therefore he did not owe the boys the duty of signaling them of his approach, but had the right to assume that they would remain in a place of safety and would not suddenly dash across the road in the path of the automobile, and that the speed of 30 to 35 miles was a reasonable and careful rate of speed under the circumstances, that the boy ran into the automobile, and that defendant did not have any opportunity of avoiding the accident.

The evidence convinces us that the shoulder of the road is a part of the highway and not a sidewalk intended for pedestrians, and that the place where the accident occurred is a rural and not an urban section. At the place where the accident occurred there is a privately owned entrance to Dyer's residence, called "Dyer's Lane," and it appears that the child attempted to cross the road at the point where this lane intersects the highway. Defendant admits that he had a clear view of the boys for about 75 yards, and being satisfied that they were off the paved portion of the highway, that they were out of danger, and that he did not pay any more particular attention to them. He did not give the boys any warning of his approach by blowing his horn or any other signal. He admits that he did not make any attempt to put his brakes on or slacken the speed of his car until he saw the boy dart out from the side of the road, when he applied the brakes and pulled to the right, but too late to avoid striking the child.

We are of the opinion that the sole and proximate cause of the accident was the failure of the defendant to give the boys any signal of his approach, to slacken his speed, and to place his car under such proper control as to have been able to stop in order to avoid the accident. He failed to exercise the degree of care commensurate with the situation with which he was confronted.

When this case originally came before this court on an exception of no cause of action (Jacoby vs. Gallaher, 10 La. App. 43, 120 So. 888, 889), this court said:

"In the country the public roadway is shared by vehicles and pedestrians, and there is no impropriety, nor is there any negligence implied, in the practice of country residents walking along the side of the road. The highway is intended for their use as well as for the use of automobiles. Consequently, when a motorist observes pedestrians on the roadway, he must be careful not to injure them. It is his duty to give warning of his approach and to keep his automobile under control. This is true in the case of adults, but in the case of children extraordinary precaution is necessary.

"Greater care is required of one who is running an automobile where there are

children in the roadway than is necessary in the case of adults. Children are only required to exercise such care as may reasonably be expected of them. In other words, such as children of the same age ordinarily and reasonably exercise under like circumstances. See Elliott, Roads and Streets, vol. 2, p. 1545. * * *

"In the case at bar it was the defendant's duty, on seeing the children in the roadway, to have sounded his horn and checked the speed of his car. The fact that the child broke away from his brother and ran across the path of the automobile was not the proximate cause of the accident, for, if warning had been given, the child would have been removed by his elder brothers to a place of safety, or at least would have been firmly held and prevented from running across the road when reaching the pathway leading to H. Chouteau Dyer's Place. In any event, if defendant had slowed down and had his car under control he could have avoided the accident.

"The rule that motorists are held to unusual care, where children are concerned, applies also to adults, who, to the knowledge of the driver, possess some infirmity, such as deafness, or impaired sight, or who suffer from some temporary disability such as intoxication. The physical infirmity in one case, and the extreme youth in the other, affect the ability to sense impending danger and to exercise judgment in the emergency by the selection of proper means and observing the necessary precaution to avoid an accident.

"We are of opinion that the petition in this case presents a cause of action and that the judge, a quo. erred in maintaining the exception of no cause of action."

See, also, Abate et al. vs. Hirdes et al., 9 La. App. 688, 121 So. 775; Baquie vs. Meraux, 11 La. App. 368, 123 So. 338, 339. In the latter case the court said:

"When the driver of an automobile sees four pedestrians walking along the highway in front of him, it is his duty to take extraordinary care to prevent injuring them, and he must take reasonable precautions to make certain that the pedestrians are aware of his approach."

Counsel for defendant has cited a number of decisions where children ran off the sidewalk in a city directly in the path of an automobile. We do not consider these cases in point, because the sidewalk in a city cannot be likened to a highway in the country, where pedestrians and automobiles both use it.

We are therefore of the opinion that plaintiffs are entitled to recover.

As to the quantum of damages, it appears that the little boy was 5 years of age, healthy, playful, cheerful, and bright, and was just returning from Sunday school at the time of the accident. He was knocked down and suffered a fractured skull, which rendered him unconscious, and he died without regaining consciousness. We are of the opinion that damages in the sum of $2,000 each for the mother and father, plus the funeral expenses of $131.25, would be adequate under the circumstances.

We have reached our conclusion as to the amount of award in this matter by an examination of the jurisprudence established in the following cases: Sundmaker vs. Y. & M. V. R. Co., 106 La. 111, 30 So. 285; Ortolano vs. M. L. & T. R. & S. S. Co., 109 La. 904, 33 So. 914; Buechner vs. City of New Orleans, 112 La. 599, 36 So. 603, 66 L. R. A. 334, 104 Am. St. Rep. 455; Cherry vs. Louisiana & A. R. Co., 121 La. 471, 46 So. 596, 47 L. R. A. (N. S.) 505, 126 Am. St. Rep. 323; Roby vs. Kansas City S. Ry. Co., 130 La. 896, 58 So. 701; Sutton vs. Champagne, 141 La. 469, 75 So. 209; Albert vs. Munch, 141 La. 686 75 So. 513, L. R. A. 1918A, 240; Patton vs. Frost Lumber Co., 142 La. 117, 70 So. 580; Hebert vs. Baton Rouge Electric Co., 150 La. 961, 91 So. 406, 25 A. L. R. 245; Aymond vs. Western Union Tel. Co., 151 La. 188, 91 So. 671; Duffy vs.

Hickey, 151 La. 274, 91 So. 733; Selser vs. Revol, 152 La. 447, 93 So. 675; Williams vs. Missouri Pacific Ry. Co., 155 La. 349, 99 So. 286; Smith vs. City of Baton Rouge, 166 La. 472, 117 So. 559; Frazier vs. La. & Northwest R. Co., 2 La. App. 177.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be, and it is hereby, annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of Mrs. Flora M. Jacoby, wife of Andy Jacoby and Andy Jacoby, plaintiffs, against the defendant, Robert H. Gallaher, in the full sum of $4,131.25, with legal interest from judicial demand until paid, in the proportion of $2,000 to the mother of the deceased and $2,131.25 to the father, and for all costs of court.

JANVIER, J. (concurring). In my opinion recovery should be allowed in this case on account of the fact that the age of the young boy who was killed prevented his being charged with contributory negligence. The defendant, in my judgment, was in violation of the statute of Missouri in operating his car at a sustained speed greater than was permitted by statute. He was also guilty of negligence in approaching from the rear persons immediately alongside the paved portion of the highway without giving any warning of his approach. If, however, under such circumstances, an adult is injured, I am of the opinion that he should not recover because of his contributory negligence in going upon the dangerous highway without looking out for his own safety. However, since the defendant was guilty of negligence, and since the deceased youth could not be guilty of contributory negligence because of his age, I believe that recovery should be allowed.

I therefore concur in the decree.