## PEPERONE et ux. v. LEE.*
### No. 14836.

Court of Appeal of Louisiana. Orleans.
April 15, 1935.

J. A. O. Coignet, of Thibodaux, and C. A. Buchler, of Gretna, for appellant.

F. A. Middleton, of New Orleans, for appellees.

WESTERFIELD, Judge.

Mr. and Mrs. Angelo Peperone bring this suit against Clophas Lee for damages for the negligent killing of their three year old child, who was run over by an automobile driven by the defendant on the public highway near the town of Harvey in the parish of Jefferson on February 28, 1932. The case was tried by the district judge without a jury, and resulted in a judgment in plaintiff's favor for $7,-500. From this judgment defendant has prosecuted a devolutive appeal to this court.

On the afternoon of the accident, about 3:30 p. m., Mrs. Angelo Peperone and her sister, Mrs. Lena Peperone, each with an infant in her arms, and Anthony Peperone, the three-year old son of Mrs. Angelo Peperone, were standing on the sidewalk in front of the store of their brother-in-law, Philip Peperone, on the left-hand side of the paved highway in Harvey, La. The entire party left the sidewalk and started to cross the roadway, with the intention of boarding a bus which stopped at that point for the purpose of taking on passengers. Mrs. Lena Peperone crossed and called to her small nephew, Anthony, who started across and succeeded in passing to the right side of the road, or just over the black

line marking the center of the road, when he was struck by the automobile of defendant, Clophas Lee, and received injuries which resulted in his death. Mrs. Angelo Peperone, Anthony's mother, remained on the left-hand side of the roadway.

The facts, as far as we have stated them, are not in dispute, but the course of the plaintiff's car just before the accident, the traffic conditions, and the manner in which the child entered the roadway are the subject of contention. Plaintiff's counsel asserts that Lee suddenly emerged from behind a passenger bus, drove quickly along its left side, passed it at a rapid rate of speed, and struck the child without sounding his horn and without affording him, or those who had him in charge, an opportunity to observe the approaching automobile. The defendant, Lee, contends that he had passed the bus some distance before he reached the scene of the accident and did not see the child until just before he struck him, giving, as his reason for not seeing him, the presence of an automobile going in the opposite direction and obscuring his vision. In other words, he claims that the child darted from behind the passing automobile at a time when there was no opportunity to avoid striking him; his only choice being between colliding with the child on the right of the road or his mother on the left.

In our opinion the evidence sustains the defendant's contention that he had passed the bus and was well in front of it some little time before striking the child. On the other hand, we are not impressed with the evidence concerning the passing automobile, from behind which the child is said to have run across the path of defendant's car. But, even if there was an automobile in the position which defendant claims it to have been, it could not have entirely obscured his view for more than a few seconds, and, before it reached a point so as to interfere with his vision, there must have been a clear view of the group standing on the side of the roadway waiting to cross. Defendant himself admits having seen the mother of Anthony Peperone some time before the accident. If he saw Mrs. Peperone, he must have seen her little son, Anthony, who was with her, and Anthony's aunt, who also was there. A group of women and children standing on the side of the road in the vicinity of a stopping place of a passenger bus was sufficient to impose the duty of extreme caution. Defendant's speed, which he puts at 25 miles an hour, could hardly have been less because, as he himself testified, the glass in the left front headlight of his automobile was broken and its support bent back against the radiator as a result of the impact with plaintiffs' three year old child. It is no exaggeration, therefore, to say that his estimate of 25 miles an hour was very modest, and, as a matter of fact, we find it very difficult to understand how a collision with the head or body of such a small child could have caused such damage to an automobile. In any event, defendant's speed was excessive under the circumstances. He should have been going very much slower, slow enough to stop and avoid injury to the women and children under any reasonable conditions. Act No. 21 of 1932, tit. 2, § 3, rule 4(a). A motorist cannot anticipate the action of a child that he cannot see, as when children suddenly appear in his path from behind parked automobiles, Martinez et al. v. Crusel (La. App.) 148 So. 742, or when they leave the sidewalk and enter a city street, though their presence on the sidewalk has been observed, Litolff v. New Orleans Ry. & Light Co., 124 La. 278, 50 So. 105; Pyaette v. New Orleans Public Service, Inc., 10 La. App. 300, 120 So. 483; Millannos v. Fatter, 18 La. App. 708, 138 So. 878; Valcour v. Simon Hubig Co., 4 La. App. 521. But, when children are seen on the side of a road, an approaching motorist must anticipate childish actions, as, for example, the sudden running across the road, even when they are accompanied by their elders holding them by the hand. Jacoby v. Gallaher, 12 La. App. 477, 126 So. 86. In a word, the presence of children on or near a highway imposes upon a motorist the duty of exercising extraordinary care and every reasonable precaution must be taken to avoid injuring them. Children and adults whose infirmities are apparent or known to the motorist, "the lame, the halt and the blind," the aged and intoxicated, are properly the subject of public solicitude, and the law requires that those who operate such dangerous instrumentalities as automobiles in their vicinity must do so with the utmost care. Jacoby v. Gallaher, supra; Burvant v. Wolfe, 126 La. 787, 791, 52 So. 1025, 29 L. R. A. (N. S.) 677; Santos v. Duvic, 16 La. App. 105, 133 So. 399; Brown v. Wade (La. App.) 145 So. 790; Baptiste v. Mateu (La. App.) 147 So. 731.

*Our conclusion is that the defendant was negligent in that his speed was excessive under the prevailing circumstances and in failing to have his car under proper control.*

The amount awarded below seems to us excessive. Sundmaker v. Yazoo & M. V. R. Co., 106 La. 111, 30 So. 285; Hebert v. Baton

Rouge Elec. Co., 150 La. 957, 91 So. 406, 25 A. L. R. 245. It will be reduced to $5,000.

For the reasons assigned, the judgment appealed from is amended by reducing the sum awarded plaintiffs from $7,500 to $5,000, and, as thus amended, it is affirmed.

Amended and affirmed.

JANVIER, J., absent, takes no part.