GOTT et al. v. SCOTT et al.

No. 6124.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 1, 1940.

Rehearing Denied Nov. 29, 1940.

Writ of Certiorari and Review—Denied
Jan. 6, 1941.

462

Theus, Grisham, Davis & Leigh, of Monroe, for appellants.

W. T. Holloway and Wayne Stovall, both of Jonesboro, for appellees.

DREW, Judge.

About midnight on August 5, 1938, W. H. Brooks, a man of age, was driving a two-seated Packard coupe from Ruston to Winnfield. In the car with him were Douglas Walsworth, Leonard Smith and Mildred Scott. The latter owned the car and was a minor. W. H. Brooks, the driver, and Douglas Walsworth were riding on the front seat and Mildred Scott and Leonard Smith were on the back seat.

Just north of the town of Jonesboro, Brooks met and had a collision with a Ford V-8, driven by Tolar Greer. Gloria Gott, a young woman eighteen years old, was riding in the car with Greer. In this collision Gloria Gott suffered a broken ankle and was otherwise injured.

The accident occurred in Jackson Parish and Charles Gott, father of Gloria Gott, with whom she was living, brought this suit against Dr. J. W. Scott and his minor daughter, Mildred Scott, and against the United States Fidelity and Guaranty Company of Baltimore, Maryland, the insurer of the Scott car. The suit is for $6,500, for the use and benefit of Gloria Gott and $150 to recompense Charles Gott for the money he had paid out because of Gloria Gott's injuries.

For a cause of action plaintiffs alleged many acts of negligence against the driver of the Scott car, who was W. H. Brooks. There are no personal acts of negligence alleged against Mildred Scott or Dr. J. W. Scott and the allegations upon which plaintiffs seek to hold the two named defendants are that plaintiffs' car "was struck and run into by a Packard coupe which was either owned by Dr. Scott or his minor daughter, Mildred Scott, which said car was either being driven by the said Mildred Scott or under her supervision, control and for her benefit and with the knowledge, consent and permission of J. W. Scott."

Defendants deny any acts of negligence on the part of the driver, W. H. Brooks, and alleged the accident was caused by the negligence of the driver of plaintiffs' car.

Defendants also pleaded, in the alternative, contributory negligence on the part of the driver of plaintiffs' car and also on the part of Gloria Gott.

They further aver that Mildred Scott is not liable because she was a guest in her own car and that mere ownership of a car does not make the owner liable for damages for injuries caused by it. They further aver that Mildred Scott was a minor and not driving her car at the time of the accident; that if any tort was committed, she did not commit it; and because of her minority, she could not be held liable for any tort other than her personal tort.

Dr. Scott defended on the further ground that if there was no liability against his minor daughter, there was none against him.

The insurer defended on the ground that the insurance policy on the Scott car had a student restriction clause attached to it which provided for liability only when either Dr. Scott or his daughter was driving the car.

The lower court dismissed the suit as to the insurer and awarded judgment, in solido, against Dr. J. W. Scott and his minor daughter, Mildred, in the sum of $1,055. From this judgment appeals were perfected by Dr. J. W. Scott and his minor daughter, Mildred.

We are of the opinion the legal defenses raised are good and it is therefore unnecessary to discuss the question of negligence of the two drivers. We will only discuss the facts to show the part Mildred Scott took on the trip from Winnfield to Ruston and from Ruston back to the scene of the accident.

Mildred Scott was born on July 6, 1921, and was on the night of the accident, August 5, 1938, only seventeen years of age. In June, 1938, she finished school and her father, Dr. J. W. Scott, made her a graduation present of a two-seated Packard coupe. On the night of the accident, Mildred drove this car from her home in Rochelle, Louisiana, to Winnfield, Louisiana, with the intention of attending a dance with Leonard Smith as her escort. Smith lived in Winnfield. Upon her arrival at Winnfield, Smith suggested to her that his friend, W. H. Brooks, wished to go to Ruston to visit a young lady friend but did not have a way or means to make the trip and asked if she had any objection to going to Ruston to carry Brooks, instead of attending the dance. Mildred Scott did not object and she and Leonard Smith got into the back seat of the coupe, while Douglas Walsworth and W. H.

Brooks occupied the front seat, with Walsworth doing the driving. The trip was successfully made to Ruston. On the return trip Walsworth and Brooks exchanged places on the front seat and Brooks did the driving and was doing so at the time of the accident out of which this suit grew.

Mildred Scott did not suggest who should drive her car either to or from Ruston and she did not utter a word about the driving of it on the entire trip. She merely rode on the back seat with her date. There was nothing unusual that occurred during the trip until the time of the accident.

It was Mildred Scott's car and she did admit that if she had wished to do so, she could have taken charge of it at any time, but she did not do. so nor did she exercise any supervision or control over the driving of it.

■ There is no denial of the correctness of the above facts and certainly they fail to disclose any negligence on the part of Mildred Scott and, unless she can be held liable for some momentary negligence of the driver of her car, she is not liable.

That brings us to the question which we here have presented squarely to the courts of this State for the first time, that is, Is a minor responsible for any torts other than his or her personal torts?

This question has been presented to the courts in the common-law states of the Union many times, in most instances having been answered in the negative and, under our appreciation of the law of this State, we will have to also answer the question in the negative.

■■ Mildred Scott was a minor seventeen years of age and therefore was incapacitated to contract except in such cases as are specifically provided for, Revised Civil Code, Articles 1782 and 1785; and there is no specific provision of our law which authorizes a minor to bind him or herself for the torts of another either by express agreement or silent acquiescence. It therefore follows that W. H. Brooks was not and could not have been the agent or servant of Mildred Scott in driving her car and that Mildred Scott could not be liable for the torts committed by the said Brooks.

The liability of a minor in this State for his or her torts is provided for in Articles 1785, 1874 and 2227 of the Revised Civil Code. The first two Articles are found under the heading "Obligations" where

the requisites to formation are provided, and in the last Article the manner of extinguishing obligations is provided. Article 1785, paragraph 5, is as follows: " * * * The obligation arising from an offense or quasi offense, is also binding on the minor. * * *"

Article 1874 provides: *"Minors—Offenses and quasi offenses—Liability.*—He is not relievable against obligations resulting from offenses or quasi offenses."

Article 2227 provides: *"Minors—Offenses and quasi offenses—Liability.*—He is not restituable against the obligation resulting from his offenses or quasi offenses."

■ Under these provisions, a minor's liability must be founded on negligence for there must be negligence before there can be any quasi offense. Johnson v. Butterworth, 180 La. 586, 157 So. 121.

■ The only liability for torts in this State is found in the provisions of the Code and statutes of the State. Textbooks are often referred to for the purpose of interpretation, but never as law creating a tort liability. Davis v. Shaw, La.App., 142 So. 301; Adams v. Golson, 187 La. 363, 174 So. 876.

The only Articles of our Code or statutes creating liability of a minor for his or her torts are quoted above. There is no other law enlarging or extending the liability of a minor. This is not true of our basic tort law, as provided for by Article 2315 of the Revised Civil Code. The provisions of Article 2315 applicable to majors are extended by Articles 2317, 2318, 2319, 2320, 2321 and 2322, and make a major liable for damages caused by the acts of persons for whom he is answerable or of the things which he may have in custody, and make the father or if the father is deceased, the mother, responsible for the damages occasioned by their minor child living with them and make a curator of an insane person liable for the damages caused by his ward, and make the master or employer answerable for the damages caused by their servants and overseers in certain cases; and teachers and artisans are made responsible for the acts of their scholars or apprentices, etc.

■ Without these codal provisions extending the liability of a major under Article 2315, he would not be liable other than for his personal torts and, since the Code or statutes do not extend the liability of a minor beyond the provisions of Articles

1785, 1874 and 2227, we are forced to the conclusion that the minor is only liable in damages for his or her personal offenses or quasi offenses.

In this case there is no testimony to show any negligence on the part of Mildred Scott. There is no intimation that W. H. Brooks was drinking or that he was not a good driver, or that anything occurred on the trip to cause Mildred Scott to even think the car was not being driven properly. He was a man twenty-one years old and she a young woman of seventeen years. She is not charged with or proved to have failed to do anything she should have done or to have done anything she should not have done.

■ It is suggested that Mildred Scott is liable because the trip was a joint adventure. There is no merit in this contention. Joint adventure pre-supposes some kind of an agreement or contract and Mildred Scott, being a minor, was incapacitated from entering into any such legal contract or agreement.

■ We are of the opinion that since the minor, Mildred Scott, was not guilty of any offense or quasi offense, her father, J. W. Scott, cannot be found to be liable.

■ Articles 2318 and 237 of the Revised Civil Code must be read together and when that is done, it is made plain that the father is only liable for the damages caused by the offenses or quasi offenses of his minor daughter living with him. Johnson v. Butterworth, supra; Toca v. Rojas, 152 La. 317, 93 So. 108; unless we should find that it was negligence for the father to give his 17-year-old daughter an automobile and, in this day and time, to so hold would make the courts appear very ridiculous in the eyes of all.

■ A further contention of plaintiffs is that the car was owned by Mildred Scott; that she was in the car at the time of the accident and had the right to control the operation of it and therefore she is liable. She was in the car on the back seat and did not exercise any supervision or control over the driving of the car. The mere fact that the car was owned by her and she was riding in it at the time is not sufficient to make her liable for the quasi offense of the driver of the car. At least some supervision, control or negligent act of hers must first be shown before she, a minor, can be held liable for her father to be held liable.

Plaintiffs rely on three cases decided by the courts of this state which they claim are inconsistent with the views we have heretofore expressed in this opinion. The three cases are, Mercer v. Rosenblath, 156 La. 249, 100 So. 414; Grantham v. Smith, 18 La.App. 519, 132 So. 805; and Sutton v. Champagne, 141 La. 469, 75 So. 209.

In Mercer v. Rosenblath, paragraph beginning at the bottom of page 254, in 156 La., on page 416 of 100 So., it is clear to us that the court found that the minor son was negligent in turning the driving of the car over to one whom he knew had never driven this car before. The court further found that the minor son was in a position (on the front seat) at all times to have exercised complete dominion and control over the car.

In Grantham v. Smith, the decision relied upon, a Court of Appeal decision, the Supreme Court, 173 La. 883, 138 So. 871, reversed it on a writ of review. The point urged by the plaintiffs here, however, was not discussed by the Supreme Court. The Court of Appeal [18 La.App. 519, 132 So. 809] said in that case, in holding the father of the minor liable, "However that may be, the proof is that Morgan was permitted to drive with the consent of Walter Smith, who admits that he kept supervision and control of the car which Morgan was driving. As Smith exercised that supervision and control, whether Morgan took the wheel at the suggestion or request of Adelia is immaterial, and can have no legal effect on the retention of the supervision of the car by Walter Smith, so as to absolve his father, Mr. W. R. Smith, from responsibility for the acts of his minor son."

It is very clear from the above that this decision is based upon the actual exercising of supervision and control of the car by the defendant's minor son.

In Sutton v. Champagne, the court found that the minor son of Champagne was guilty of negligence in handing a high-powered rifle to inexperienced young Sill to be discharged in the city street in violation of a City ordinance.

It is to be further noted that the question of law raised in the case at bar was not raised in the three cases relied upon by plaintiffs.

It therefore follows that the judgment of the lower court is erroneous and it is now reversed; and the demands of plaintiffs are rejected at their costs.