On Sunday, February 13, 1938, between 8 and 9 o'clock P.M., on U.S. Highway 90, at Hubertville, about one mile west of Jeanerette, a truck owned by the partnership of Minvielle 
Myers, and at that time in the possession of Irving Myers, minor son of defendant Myers, and being driven by Luke Savoy, ran into the rear of plaintiff's Chevrolet automobile, which, at that time, was in the possession of John Foti, plaintiff's minor son, and was being driven by him. About a month after the accident plaintiff filed this suit to recover the sum of $558 representing the damage to his Chevrolet automobile.
It is shown that the truck belonged to the above-named partnership, but that on this Sunday it was in the possession of the defendant Noah Myers, one of the partners, for his personal use and not for partnership business and that the defendant permitted his minor son, Irving Myers, to have the truck for his own use on this Sunday afternoon and evening. It is shown that young Myers had been driving the truck that Sunday afternoon in and around Jeanerette and to New Iberia, during which time he indulged to a considerable extent in the drinking of intoxicating liquors. A few hours before the accident, young Myers picked up two of his young friends, Luke Savoy and Willard Hebert, who rode around with him in the truck and visited several places together, where they continued to partake of intoxicating liquors.
Plaintiff's Chevrolet car was being driven by his minor son, John Foti, with his father's permission, and John, accompanied by four other young people, were on their way to a dance in Jeanerette coming from New Iberia, and were being followed by the truck. Some time before the accident it appears that young Myers had become so intoxicated or affected by sleep that he could not drive the truck and relinquished the driving thereof to young Savoy, and at the time of the accident Savoy was driving, with Hebert sitting on the right and young Myers sitting between them, leaning against the back of the seat and on the shoulder of Hebert. It appears that both the car and the truck were travelling at about 40 to 45 miles per hour, with the truck a short distance behind the automobile, and that the accident occurred when young Foti stopped in front of the truck.
The plaintiff alleges that young Myers was guilty of negligence in permitting Savoy to drive the truck at a time when Savoy was under the influence of liquor to such an extent that it was unsafe to entrust the driving to him, and that young Myers was further negligent in permitting all three of the boys to ride on the front seat of the truck and thus interfere with the driver.
In defense of the suit the defendant sets forth that the proximate cause of the accident was the negligence of young Foti in suddenly stopping his car in the highway in front of the approaching truck and without giving any signals of his intention to stop. In the alternative the defendant pleaded contributory negligence on the part of young Foti. The defendant also filed a reconventional demand claiming damages for personal injuries received by his minor son, together with damages sustained by him for medical attention to his minor son.
The District Court dismissed both the suit of plaintiff and the reconventional demand of the defendant, and both plaintiff and defendant appealed devolutively from the judgment. However, only plaintiff perfected his appeal and defendant failed to perfect the appeal or answer the appeal, and consequently only plaintiff's demand is at issue before this court.
There was a separate suit by the Home Insurance Company against the plaintiff for damages to the truck, and while this case was consolidated with the present case, it is not before us on appeal at this time.
As set forth above, plaintiff relies on two alleged acts of negligence on the part of defendant's minor son. The first of these is whether or not young Savoy was under the influence of intoxicating liquor to the extent that his ability to drive was affected. All that the evidence shows on this point is that young Savoy had taken two or three drinks of beer during the evening, some of which appears to have been consumed before, during and after his supper, *Page 351 
and we agree with the trial judge that this does not constitute a showing of intoxication which would affect his ability to drive the truck in a normal manner.
As to the second ground of alleged negligence, that is, the interference with the driver by young Myers sitting in between the driver and Hebert on the front seat, in a drunken and sleeping condition, we agree with the trial judge that the evidence shows that he was not leaning against the driver, but that he was leaning against the back of the seat and on the shoulder of Hebert and that neither he nor Hebert was in any way interfering with the driver.
We are therefore unable to find any manifest error in the finding of fact of the trial judge to the effect that no negligence on the part of young Myers has been proved, and we are of the further opinion that he was correct in following the recent decision in the case of Gott et al. v. Scott et al., La.App., 199 So. 460, which case was decided by the Second Circuit and in which a writ was refused by the Supreme Court in dismissing plaintiff's suit. The substance of the holding in that case is to the effect that a parent is not liable for the negligent act of a third party in driving a car owned or entrusted to a minor son where the minor son permits a third party to operate the car and where the minor himself is not guilty of any negligence.
Judgment is affirmed.
LeBLANC and OTT, JJ., concur.