BARHAM, Justice
(concurring).
I am in full accord with the majority opinion, but since Mr. Justice Sanders expressed some doubt about the father’s liability because of the son’s employment and since Mr. Justice Hamlin has dissented on that very point, I feel compelled to express mj view in this regard.
The liability of the father in the instant case arises under Civil Code Articles 237 and2318, as follows:
“Art. 237. Fathers and mothers are answerable for the offenses or quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses.”
“Art. 2318. The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.”
Civil Code Article 2318 has departed in an important particular from its source, Article 1384 of the Code Napoleon. Paragraph 2 of Code Napoleon Article 1384 provides:
“The father, and the mother after the decease of her husband, are responsible for the injury caused by their children being minors and residing with them * *
But this liability is greatly qualified by the last paragraph of that article, which states:
“The responsibility above mentioned is , incurred, unless the father and mother * * * can prove that they were not able to prevent the act which gives rise to such responsibility.”
*795 As pointed out by Planiol, Article 1384 of the French Code establishes a presumption of fault against the persons enumerated. 2 Pt. 1 Planiol, Treatise on the Civil Law (Louisiana State Law Institute tr. 1959), No. 909A, p. 508. Our Article 2318 omits the exculpating clause and imposes absolute legal liability upon the parent for the damage occasioned by the “offenses or quasi-offenses” of his minor children. As stated in Johnson v. Butterworth, 180 La. 586, 613, 157 So. 121:
“In France, as we have said, the parental authority itself makes the parent responsible for a tort committed by his minor child, unless the parent proves that he was unable to prevent the act that caused the damage. * * * But, in Louisiana, the parent is responsible for a tort committed by his minor child, even though the parent could not have prevented the act that caused the injury. * * * ” (Emphasis mine.)
Under Louisiana law the liability of a parent for the torts of his minor child doe§ not depend upon the parent’s retention of control and direction of the child, although there are contrary statements in our jurisprudence. In Succession of Burns, 199 La. 1081, 7 So.2d 359, the court referring to obiter dictum in Cleaveland v. Mayo, 19 La. 414, said:
“The responsibility placed on the parent under Article 2318 of the Revised Civil Code is based on the ground that the person having control of the minor could have prevented the tortious act and did not. * * *” (Emphasis mine.)
It is apparent that the court overlooked the omission from our Article 2318 of the exonerating phrase (“not able to prevent”) contained in Article 1384 of the Code Napoleon. The distinction between the French and the Louisiana law is that the former creates a legal presumption and the latter imposes absolute liability.
It was correctly stated in Sutton v. Champagne, 141 La. 469, 75 So. 209:
“* * * It seems illogical and hard that a mother should be liable in damages for the consequences of the act of somebody else in intrusting a dangerous instrument to her inexperienced child out of her presence and without her knowledge. * * * The solution of the problem must be that, while she is liable to the plaintiff, she has her recourse over against the person who by his act brought the responsibility upon her; and we shall so decide.”
The master-servant theory is not applicable in determining the liability of a parent for the damage occasioned by his minor child since this liability is specifically defined under Civil Code Article 2318, and the common law theory of parental respon *797 sibility is inapplicable since it is like neither the French nor the Louisiana codal doctrine.
Toca v. Rojas, 152 La. 317, 93 So. 108, quoted from Coats v. Roberts, 35 La.Ann. 891, the statement that “Paternal responsibility is the consequence and offspring of the paternal authority”, and then stated that although the father may delegate some of his authority, he cannot permanently divest himself of any of the paternal authority by contract or otherwise. The majority in the instant case correctly states that the only exceptions are those cases where the State has exercised its sovereign right and power and has superseded parental authority.
We need not be conceimed that this doctrine is overly onerous since there is reserved in the parent the right of recourse against those in whose charge a child is placed if their negligence in supervision, control, and direction created the liability. Whether the holding in the instant case is conducive to modern-day practices of employment of minors or is in accord with our own personal conceptions of the validity or soundness of the law, the codal mandate is clear and unambiguous. Unless or until a change is effected by the Legislature, our law imposes absolute liability upon the parent for the tort of the minor.