No. 3610

Second Circuit

## WAGNER v. BARBIN

(January 31, 1930. Opinion and Decree.)
(March 24, 1930. Rehearing Refused.)

Philo Coco, of Marksville, and J. B. Nachman, of Alexandria, attorneys for plaintiff, appellant.

W. E. Couvillion, of Marksville, attorney for defendant, appellee.

WEBB, J. Plaintiff, Frank Wagner, individually and as the representative of his minor daughter, Ufa Wagner, instituted this action to recover damages alleged to have resulted from injuries sustained by Ufa Wagner through the fault and negligence of defendant, A. T. Barbin, and his minor son, Fergus Barbin, and plaintiff appeals from a judgment rejecting his demands.

Plaintiff alleged that defendant's son had, with the use of a "sling-shot," thrown

or shot a small stone at his daughter, which had struck her in the eye, resulting in the loss of the eye; that the instrument, "sling-shot," was a dangerous instrument, which defendant had permitted his son to use; and that the son had negligently, mischievously, and maliciously used the instrument in injuring plaintiff's daughter.

There was some conflict in the evidence as to whether or not defendant's son had thrown or shot at plaintiff's daughter, but the preponderance of the evidence shows that he did not throw or shoot at her, and if plaintiff can recover it must be on the ground that defendant was negligent in permitting his son to use the "sling-shot," or that the injury resulted from the negligent manner in which defendant's son used the "sling-shot."

There was not any evidence introduced showing that the "sling-shot" was a dangerous weapon, in the sense in which a firearm is so regarded, and the evidence establishing that defendant's son was about 14 years of age, and that children were generally permitted to use such instruments, and it not being shown that defendant's son had used the "sling-shot" off of defendant's premises, or that it had been used by him in a mischievous manner, we do not think that, having regard either to the character of the instrument, the place in which defendant's son was permitted to use it, or the manner in which he had perviously used the instrument, shows lack of parental care or discipline by defendant, or that defendant was guilty of negligence in failing to exercise due discipline or care, and, if defendant is liable, it must be for the reason that his son had carelessly and negligently thrown the rock without exercising due precaution.

Plaintiff and defendant were neighbors, residing in adjoining premises in the town of Marksville, and plaintiff's child had been accustomed to visiting defendant's premises, where she sustained the injury, and it was shown that defendant's son had been playing with the "sling-shot" for some time when plaintiff's daughter came on the premises, and while the evidence indicates that plaintiff's daughter had stopped to watch the youth as he was throwing rocks with the "sling-shot," and that she was looking upward at the rocks thrown by him at the time she received the injury, it was not shown that young Barbin knew she had stopped and was in a position where she would be in danger of being struck by a falling rock, and we are of the opinion the evidence failed to establish that young Barbin was guilty of negligence, and that the injury should be held to have been accidentally inflicted.

In the cases cited by counsel (Marionneaux vs. Brugier, 35 La. Ann. 13; Mullins vs. Blaise, 37 La. Ann. 92; Sutton vs. Champagne, 141 La. 469, 75 So. 209; Wright vs. Petty, 7 La. App. 585), the facts presented established that the parents were themselves guilty of negligence in failing to exercise proper parental care or discipline, in permitting their children to use dangerous weapons or instruments in public places, which was not the case in the present instance, and although parents are liable for damage resulting from the negligence of their children, even though it may appear that the parents were not guilty of negligence, they cannot be held responsible for injuries accidentally inflicted by their children.

The judgment is affirmed.