GURTNER v. BORDES

(December 15, 1930. Opinion and Decree.)
(January 5, 1931. Rehearing Refused.)

Melvin P. Barre, of New Orleans, and Alexis Dumestre, of Metairie Ridge, attorneys for plaintiff, appellant.

F. A. Middleton, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff's son, Edward Gurtner, was struck over his right eye by a club in the hands of defendant's son, Frank Bordes, Jr. As a result of the accident, young Gurtner suffered the loss of his eye. His father brings this suit against the father of Frank Bordes, Jr., claiming $5,000 as damages for the use and benefit of his minor son. There was judgment below in defendant's favor and plaintiff has appealed.

The unfortunate accident on which this suit is based occurred while the two boys aged respectively ten and fifteen years, Bordes being the elder, were at play in the public streets in the Parish of Jefferson. They were playing a game which they called "golf" with a club improvised from a stick found in the neighborhood, using stones in place of golf balls. There were but two witnesses to the accident, the boys themselves. According to the version of plaintiff's son, he was standing about four feet in front of young Bordes, who had the club in his hand and was preparing to strike a stone lying in the street; that Bordes swung the club, missed the stone and, suddenly changing his position so as to come within range of his eye, struck him on the eyebrow on the upswing of the stroke. The negligence of defendant's son, for which his father is sought to be made answerable in damages, is said to consist in the fact that he struck at the stone without observing that the Gurtner boy was in dangerous proximity and within the range of his club. If we accept the account of the affair as given by young Gurtner, it would be difficult to see how a recovery could be had because of the obvious negligence of plaintiff's son, which would have contributed to the result. The account of the accident as given by defendant's son differs materially. The Bordes boy says that young Gurtner was not in front of him, and, insofar as he could tell, nowhere near him when he struck at the stone, and that the blow was inflicted on the backward stroke of his swing, Gurtner having placed himself within range of the club without his knowledge. If this be the true version, it is apparent that Bordes cannot be charged with any negligence. Both boys were friendly and were playing together at the time. First one would use the club to strike stones and then the other. That this comparatively safe pastime should have had such disastrous consequences is much to be regretted, but, viewing the case from the standpoint of either plaintiff or defendant, we see no reason to place the entire blame upon the defendant's son. At any rate it is certain that plaintiff has failed to sustain the burden of proof.

The judgment of the trial court appears to be correct, and, for the reasons herein assigned, it is affirmed.