### SHILL et ux. v. NEW ORLEANS PUBLIC SERVICE, Inc. *

#### No. 16615.

Court of Appeal of Louisiana. Orleans.

June 14, 1937.

Adam H. Harper and Alexander C. Granzin, both of New Orleans, for appellants.

Ivy G. Kittredge, of New Orleans, for appellee.

McCALEB, Judge.

On April 20, 1934, shortly after 3 p. m., the six year old daughter of the plaintiffs collided with a moving street car, owned and operated by the defendant company, while she was attempting to run across the street car tracks on North Rampart street between the corner of St. Philip street and Ursuline avenue in the city of New Orleans, and as a result she suffered bodily injuries. This suit has been brought by her parents to recover damages for her use and benefit on the theory that the accident was caused by the negligence of the motorman of the street car.

The action is defended on the ground that the injury to the child was due to her own fault in darting across the tracks directly in front of the street car and that the motorman in charge of the car was free from negligence.

The district judge, after hearing the evidence, found for the defendant, and plaintiffs have appealed.

The occurrence took place on North Rampart street about 70 or 75 feet from the corner of Ursuline avenue. Rampart street is a wide boulevard running south from Canal street. In the center thereof is a grass plotted neutral ground over which the defendant company operates street cars which travel to and from Canal street. On either side of the neutral ground are two paved roadways for vehicular traffic, the riverside roadway being used by traffic proceeding downtown or in the direction of Esplanade avenue and the lakeside roadway

*Rehearing denied Oct. 4, 1937.

for traffic going in the direction of Canal street.

The street car involved in the accident was traversing the riverside car track traveling from Canal street towards Esplanade avenue. The child was returning from McDonough No. 18 School (situated on St. Ann street) to plaintiffs' home, which is located on the riverside of North Rampart street about 100 feet from the corner of Ursuline avenue. Shortly before the accident happened, she had been walking, in company with her older brother and sister, on the lake sidewalk of Rampart street in the direction of Ursuline avenue. Upon reaching a point approximately in the center of the block, she ran diagonally across the lakeside roadway of Rampart street onto the neutral ground, darted over the lakeside car tracks, and while attempting to cross the riverside car tracks, she either ran into or was struck by the left front vestibule of the street car.

Since it is well established that a child of tender years, such as plaintiffs' daughter, is incapable of being guilty of contributory negligence, our only concern, with respect to liability in the case, is whether the defendant's motorman should have seen the child prior to the time he says he observed her, and whether he did everything possible, after being aware of her perilous position, to avert the accident.

The plaintiffs rely almost entirely upon the witnesses produced by the defendant in order to prove their claim and they assert that the facts of the case show that the motorman of the car was guilty of negligence.

The motorman testified in substance as follows: That he was proceeding down North Rampart street at a speed of 13 to 15 miles per hour; that, upon reaching the intersection of St. Philip street, he slowed down to 7 miles per hour and, after negotiating the crossing, accelerated the velocity of the car to approximately 15 miles per hour; that, when he arrived in the middle of the block, he saw the child entering the neutral ground, about 20 or 25 feet from the track on which the car was traveling and about 50 feet distant from the front end of the car, running on a diagonal course towards downtown; that, as soon as he saw her, he threw on his brakes, sounded his gong to warn her of his approach, and did everything within his power to stop; and that, nevertheless, the child ran on,

ostensibly oblivious to the approach of the car, and collided with it at a point approximately 65 feet from the place where the car was when the witness first noticed her. He further states that the child was struck by the left front vestibule of the car and that the car came to a full stop within 10 feet after the impact.

The motorman's testimony is substantially corroborated by one Young, the motorman on an inbound Esplanade Belt car, who was present at the scene and observed the details of the accident. His evidence, as to sounding the gong and respecting the suddenness of the street car stop, is likewise fortified by the statements of four disinterested witnesses, who were passengers on the street car involved in the accident.

The district judge was of the opinion that the motorman was without fault in the premises. We fully concur with his ruling. It was the motorman's duty to keep his eyes focused in front of him and, in so doing, it was practically impossible for him to notice the child prior to the time when he actually observed her. After he saw the child, he quickly realized the peril to which she was about to subject herself, and he did everything required of a reasonably prudent man, by signal and application of his brakes, to avoid striking her. The speed of his car was not excessive and the record shows that a trolley car, running at a speed of 15 miles per hour, cannot be stopped in less than 65 to 70 feet.

It is true that operators of vehicles, traversing the roadways in a large city, must exercise greater caution with respect to children playing on or near the street and have their vehicles under control so as to avoid injury. But it is also well settled that they are not responsible, in cases where children or other persons dart out or run into the street from places of safety, unless they are able, by the use of prudence and skill, after being confronted with the peril, to evade the sudden emergency created by the pedestrian.

Being of the view that the motorman, in the case at bar, used all means at his command, with due dispatch, in an attempt to avert striking the child, there can be no recovery.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.