106 So.2d 129 (1958)
William BASHAM
v.
OHIO CASUALTY INSURANCE COMPANY et al.
No. 21071.
Court of Appeal of Louisiana, Orleans.
November 3, 1958.
Jacob H. Sciambra, Gretna, and Numa V. Bertel, Jr., New Orleans, for plaintiff and appellant.
Porteous & Johnson, William A. Porteous, Jr., and Hilary J. Gaudin, New Orleans, for defendants and appellees.
REGAN, Judge.
Plaintiff, William Basham, instituted this suit individually and as the administrator of the estate of his minor child against the *130 defendants, Tarro Pitre, his wife Anna Mae Pitre, and the Ohio Casualty Insurance Company, their insurer, endeavoring to recover the sum of $82,000, representing permanent injuries and other expenses incurred by and on behalf of Gary Basham, age three, as the result of an accident which occurred on September 21, 1955, at about 5 P.M., when the child was struck by a vehicle operated by Mrs. Pitre as he ran from the sidewalk between two parked vehicles into Karen Street.
Defendants answered, admitting that the Pitre automobile struck Gary Basham, resulting in severe injuries, but denied that Mrs. Pitre was guilty of any negligence in the premises and in the alternative pleaded the contributory negligence of the child, Gary Basham, and of his parents in permitting a child three years of age to remain unattended in the streets.
From a judgment in favor of defendants dismissing plaintiff's suit, he has prosecuted this appeal.
The facts are relatively simple. Mrs. Pitre was driving in Karen Avenue, having just crossed the intersection of Dodge Avenue, and was moving in the general direction from Kenner towards New Orleans at an estimated speed of 15 to 17 miles per hour. Automobiles were parked on both the left and right sides of Karen Avenue. Suddenly a three-year-old, unattended child ran from between two of the cars parked parallel to the right curbing of the street and directly into the path of the vehicle operated by Mrs. Pitre, thus causing the injuries to the child which form the subject matter of this suit.
Mrs. Pitre testified that as she approached the situs of the accident, she was driving slightly to the right of center of Karen Avenue when the child ran on an angle from behind the first parked car and that she was afforded little if any opportunity to see or anticipate the presence of the child until he actually emerged from behind the parked automobile. She asserted that the front of her vehicle was approximately even with or five feet from the end of the parked car nearest the child when he darted into the path of her vehicle. The brakes were applied immediately, and the car brought to a stop. The body of the injured child was found eleven feet to the left rear of her car.
Wayne Upton, a boy 14 years of age, was closely following the Pitre automobile on a bicycle shortly before the accident occurred, and he stated that he saw the child run on an angle from behind the first parked car which only afforded him an opportunity to see the side and back of the child. In substance his testimony fully corroborated that of Mrs. Pitre.
The only eyewitnesses to the accident were Mrs. Pitre and Wayne Upton.
Joseph Penino, a state trooper, arrived upon the scene of the accident shortly after it occurred, and he moved Mrs. Pitre's car in order to avoid obstructing traffic and in so doing had an opportunity to use the brakes, which he said in his police report were good but not up to par. However, on the trial of the case he testified that "they were good brakes, except for the fact that when you first touched the brakes it went down one to one and a half inches before taking effect * * *"
Alfred Bergeron, engaged in the automobile repair business, testified that on September 13, 1955, which was about eight days prior to the accident, he "adjusted the brakes; cleaned spark plugs; checked fluid," and that he found nothing wrong with the brakes. The whole tenor of the record convinces us that the brakes of Mrs. Pitre's automobile were not defective.
Other witnesses appeared on behalf of plaintiff who testified as to the location of the parked vehicles and other matters which we do not deem pertinent to the specific issue posed by the facts of this case.
Plaintiff concedes that the child ran from between two parked vehicles and into Karen Avenue. However, he insists that the vehicles were separated by a distance of approximately 25 feet and that the defendant *131 should have seen the child when she was 50 feet removed from him and therefore she could or should have stopped before striking him had she been maintaining a careful lookout.
Defendants on the other hand contend that the child ran from between two rather closely parked cars into Karen Avenue and his sudden and unanticipated appearance made it impossible for Mrs. Pitre to avoid the accident.
The trial judge obviously found the facts to be in conformity with the contentions of the defendants.
The only question which this appeal has posed for our consideration is whether that factual finding is so erroneous as to warrant a reversal by us.
We have carefully examined the record and are fully convinced that it supports the conclusion reached by the trial court.
Counsel for plaintiff made an excellent presentation of the case; however, his hypothesis as set forth both in brief and in oral argument is not sustained by the record.
Counsel for the defendants apparently abandoned his plea of contributory negligence of the parents in permitting a child three years of age to wander unattended in the streets because he was convinced of the lack of fault in Mrs. Pitre.
The jurisprudence uniformly reveals that children of three years, the age of Gary Basham, in the absence of an exceptional intellect, cannot be guilty of contributory negligence. This is too well settled to require citations in support thereof.
On the other hand, when a motor vehicle is moving in a street at a lawful speed and is obeying all the rules of the road, the driver thereof is not generally liable for injuries incurred by a child who darts from behind a parked automobile and in front of the vehicle so suddenly that the driver could not see nor reasonably anticipate his presence and thus stop in time to avoid injuring him.
We feel the deepest sympathy for the unfortunate parents because of the permanency of the injuries incurred by their son, but however painful and distressing these may be, we can find no legal responsibility in Mrs. Pitre. The facts simply divulge this to be another tragic case of sacrifice upon the altar of mechanical progress as evidenced by the motor vehicle, the potential danger of which the infant mind cannot comprehend.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.