115 So.2d 399 (1959)
Samuel D. POLK, Individually and as Administrator for the Estate of Lila Beth Polk, Plaintiff-Appellee,
v.
TRINITY UNIVERSAL INSURANCE COMPANY OF DALLAS, TEXAS, Defendant-Appellant.
No. 9061.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1959.
*400 Stafford & Pitts, Alexandria, for appellant.
Watson, Williams & Brittain, Natchitoches, for appellee.
HARDY, Judge.
This is a suit by plaintiff, individually and as administrator of the estate of his minor daughter, for damages resulting from accidental injury to the latter. The named defendant is the liability insurer of Ryan Horton, father of the minor whose negligence allegedly caused the accident for which damages are here sought. The case was tried before a jury, which returned a verdict in favor of plaintiff, individually, in the sum of $4,758.35, and in favor of plaintiff, for the use and benefit of his minor child, in the sum of $4,000.00. From judgment responsive to said verdict, defendant has appealed and plaintiff has answered the appeal, praying for an increase in the amount of the judgment.
The accident occurred on April 17, 1958, in the backyard of the residence of Dr. Burton Dupuy, Jr., in the City of Natchitoches. Plaintiff's daughter, four-year old Lila Beth Polk, was playing with two other little girls of about the same age. Also present in the yard were two young boys, Burton Dupuy, who was about nine and one-half years of age at the time, and David Horton, about ten and one-half years of age. The boys were playing ball, using a baseball and bat, and were engaged in a game called "flys and rollers." One of the boys would bat the ball to the other and, after a few times, the two would exchange places as batter and fielder.
There is little real dispute as to the manner in which the accident happened, for there is no substantial difference in the testimony of the two young boys, Burton Dupuy and David Horton, the only witnesses who testified as to the occurrence of the accident.
Young Horton testified that shortly before the accident he threw the ball into some bushes in the yard; that the little girls came up as the boys were looking for the ball and were told to stay of the way or they might get hit. Immediately after this incident David Horton, who was batting the ball, made several unsuccessful swings, and on his last attempt the ball rolled a little distance in front of him, whereupon he dropped his bat, walked over, picked up the ball, turned around, walked back to his position, picked up the bat, threw the ball into the air, swung with the bat, missed the ball, and as the bat swung around it hit little Lila Beth Polk squarely in the face, crushing her nose and inflicting the serious and painful injuries which are the basis for the damages sought to be recovered.
The principal issue presented for determination relates to the purely factual question as to whether David Horton, minor son of defendant's assured, under the circumstances was guilty of negligence or carelessness which was a cause of the accident.
It is strenuously urged by counsel for defendant that David Horton was unaware of the fact that little Lila Beth Polk was near enough to be endangered by his actions in swinging the baseball bat. In support of this contention counsel argues *401 that the three little girls were playing together some thirty-five feet away from the point where David was batting the ball, and that he had no opportunity to observe the fact that the little Polk girl had changed her position and was near the place where he was swinging the bat. This argument would be considerably more persuasive if it were not for the fact that David, in the course of the actions above described, had every opportunity to note the fact that Lila Beth Polk was moving into a position of danger. Young Dupuy testified that the danger was apparent to him and that he called a warning to David just as the latter began the unfortunate swing which struck the little girl.
We think, first, that both of the boys were not only aware of the possibilities of injury to the little girls, but had fully evidenced their understanding of the danger by warning the small children a very short time before the occurrence of the accident; second, that David Horton was guilty of carelessness and negligence, knowing of the presence of the small children, whose actions could not be anticipated, in not taking the precaution of noting their whereabouts before swinging the bat; and, third, David Horton could and should have seen the approach of little Lila Beth Polk at the time he turned to pick up his bat and attempt to strike the ball, which actions consumed a very brief interval of time, in the course of which, unquestionably, the little girl must have been moving toward the place where young Horton was swinging the bat.
Counsel for defendant argues that the liability of the parent for the actions of his minor child is not absolute and that negligence on the part of the child must be established citing Waggoner v. Barbin, 12 La.App. 640, 125 So. 766; Toca v. Rojas, 152 La. 317, 318, 93 So. 108; and Gurtner v. Bordes, 15 La.App. 330, 131 So. 494.
We are completely in accord with the principle noted and with the holdings in the cited cases. Nevertheless, we think it is clearly established, under our jurisprudence, that a parent is liable for damages caused by the act of his minor child in using a dangerous instrumentality where surrounding circumstances indicate that damage may result; or in using any instrument in a negligent or careless manner, even if it be not inherently dangerous. This principle was clearly stated in the opinion of our brethren of the Orleans Court in Phillips v. D'Amico, La.App., 21 So.2d 748, 749 (certiorari denied). The opinion in the cited case convincingly distinguished the Toca and Waggoner cases cited supra. As for the Gurtner case, supra, it is to be noted that, as in the case under consideration, the only witnesses were the two boys involved, whose testimony, however, substantially differed as to the manner of occurrence of the accident. The court based its conclusion upon the proposition that, under the testimony of one of the young boys, the injured parties were guilty of contributory negligence, and under the testimony of the other the alleged offender was free of negligence. Under these circumstances it is apparent that it mattered not which version was accepted by the court.
Proceeding to a consideration of the quantum, we think the jury erred in computing the recovery for plaintiff individually for medical expenses incurred and to be incurred in connection with future attention to his daughter. We think plaintiff established his right to recovery for expenses incurred by reason of the following items:

Professional services rendered
 by Drs. Riggs and Pou $350.00
Schumpert Sanitarium 177.75
Professional services by Drs.
 Sills and Cook 63.60
Necessary travel expenses,
 between Natchitoches and
 Shreveport, for medical attention 150.00
Expenses for necessary stay in
 Shreveport 15.00
Drugs 70.00
 _______
 Total $826.35

*402 As to future expenses, plaintiff's witness, Dr. Riggs, testified that there would be a necessity for one, or perhaps two, additional operations, for which his fee would be fixed, whether one or both operations were necessitated, in the sum of $500.00. The same witness estimated the hospital bills at $125.00 for each operation, and we think the testimony justifies an allowance of $250.00 for this item, which would cover the hospital expenses attendant upon two operations. An additional allowance of $500.00 for travel and incidental expenses and drugs would be reasonable. These items aggregate the sum of $1,250.00.
There is another factor which must enter into consideration in connection with the amount of plaintiff's individual recovery. The record abundantly establishes the fact that under defendant's policy of insurance it was unconditionally obligated for medical expenses, to and for the benefit of an injured party, in the sum of $250.00. Despite this unconditional obligation this sum, for some inexplicable reason, was never paid. Plaintiff prayed for the allowance of 12% penalty on this sum, together with $500.00 as attorney's fees, and we think, unquestionably, he is entitled to the penalty and a reasonable attorney's fee, which latter fee we fix in the sum of $100.00.
A recapitulation of the items which we believe should make up the judgment in favor of plaintiff individually is as follows:

Medical expenses, etc., incurred
 prior to institution of suit $826.35
Future expenses 1,250.00
12% statutory penalty on
 $250.00 30.00
Attorney's fee 100.00
 ________
 Total $2,206.35

It follows that the judgment in favor of plaintiff, individually, should be reduced to the amount above tabulated.
As for the damages allowed plaintiff for the use and benefit of his minor daughter, careful examination fails to convince us that there is any manifest error, and we find the allowance fixed by the jury and incorporated in the judgment neither inadequate nor excessive.
For the reasons assigned, the judgment appealed from is amended by reducing the amount of the award in favor of plaintiff Samuel D. Polk, individually, from the sum of $4,758.35 to the sum of $2,206.35.
As amended the judgment is affirmed at appellant's cost.