131 So.2d 831 (1961)
Andrus GASPARD, Individually and as Administrator of the Estate of His Minor Son, Ronnie Gaspard, Plaintiff and Appellant,
v.
GRAIN DEALERS MUTUAL INSURANCE COMPANY et al., Defendant and Appellee.
No. 298.
Court of Appeal of Louisiana, Third Circuit.
June 19, 1961.
Rehearing Denied July 12, 1961.
Edwards & Edwards, by Nolan J. Edwards, Crowley, for plaintiff-appellant.
Mouton, Champagne & Colomb, by George J. Champagne, Jr., Lafayette, for defendants-appellees.
Before HOOD, FRUGE and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a suit brought by Andrus Gaspard, individually and as administrator of the estate of his minor son, Ronnie Gaspard, for damages for personal injuries received when the said minor was struck on the head by a baseball bat which slipped from the hands of Ronald Viator, minor son of the defendant, Alfred Viator, while the two minors were participating in a game of baseball during the recess period of a summer catechism school. Defendant, Grain Dealers Mutual Insurance Company, is the insurer of Mr. Viator under a comprehensive liability policy. The defendants deny any negligence on the part of *832 Ronald Viator and specially plead assumption of the risk as a bar to plaintiff's recovery. In the alternative, defendants allege contributory negligence on the part of Ronnie Gaspard. From an adverse judgment in the lower court plaintiff has taken this appeal.
The facts of the accident are set forth in the lower court's written opinion as follows:
"The game being played was the game of `workup,' wherein some of the players occupy infield and outfield positions while others bat, and upon one of the batters being put out, the player responsible for the out comes in for his turn at bat, exchanging places. Ronald Viator was the batter; it was a hot summer day; his hands were grimy with dirt and wet with perspiration on this hot summer morning, and he had selected a bat furnished by the church which was heavier than the other two bats available and which, through years of use, had become worn at the grip end so that the knob at the end of the bat was chipped and reduced in size from its original proportions. Father Jabuert, who was on the playing field at the time, and a spectator at this game testified that this bat was the favorite of the boys because it is heavier and they could obtain better hits. Ronnie Gaspard was near the players' bench situated to the left and a little bit behind the batter, some twelve or fifteen feet distant in the act of stooping to select his own bat, as he was next in line at the plate. Viator swung at a pitched ball, missed it, and the bat slipped from his hands, flying through the air and striking young Gaspard on the head. * * *
* * * * * *
"Both of these boys were voluntary participants in this game of baseball. It was carried out under the supervision of Father Jabuert and a group of young seminarians who took charge of the boys and girls during recess. It was a lawful, supervised athletic contest. Neither of the boys was required to play in the game and both of them testified that they had played baseball considerably before the incident occurred, and both have played in the Little Leagues in Crowley since the accident occurred. Ronnie Gaspard, the injured player, played for Miller's Little League, playing the position of pitcher and had a successful season despite his injury. Both boys are alert intelligent youngsters and both seemed to fully understand the dangers inherent in the great American pastime of baseball of being struck by flying balls or bats, in spite of which knowledge they seemed to be ardent exponents of the game. Gaspard testified that he had frequently used the bat which Viator used that morning and that he knew that bats sometimes fly from the hands of batters despite every effort to prevent this. He stated that he had had the same experience while playing the game. Ronald Viator testified that he was trying to grip this bat as hard as he could; that he knew his hands were sweaty, and that he wiped them on his bluejeans, as is customary among boys of that age; that despite these precautions when he swung at the ball and missed it, the bat slipped out of his hands."
The first issue is the negligence of Ronald Viator who was twelve years old at the time of the accident. Plaintiff relies principally on the case of Polk v. Trinity Universal Insurance Company, La.App. 2 Cir., 1959, 115 So.2d 399 in which two boys, approximately ten years of age, were playing "flys and rollers" in the backyard of a home where three little four year old girls were also playing. As one of the boys was swinging the bat, plaintiff's little girl moved toward him and was struck in the face. In finding the boy negligent, the court held that he was aware of the presence of the little girls and of the possibility *833 of injury to them and should have taken the precaution of noting their whereabouts before swinging the bat, because he should have known that the actions of four year olds could not be anticipated.
In our opinion the trial judge was correct in finding the Polk case has no application here. Although plaintiff urges that the Polk case indicates a baseball batter is negligent in not watching out for other children in the course of batting, the facts of the present case indicate that the Viator boy was aware of the presence of young Gaspard and the other boys approximately fifteen feet to his left rear, but whether Viator was or was not aware of the presence of Gaspard, this had no causal relation to the accident. The accident here was caused by the bat slipping from Viator's hands, and not by his being unmindful of the presence of Gaspard. Other obvious reasons why the Polk case is inapplicable here are that the Polk case did not involve an organized game of baseball, the little girl who was injured was not a participant in the game and the injured child, being only four years of age, could not have assumed the risk or been guilty of contributory negligence.
Plaintiff argues further that the Viator boy was negligent in using a heavy bat with a defective grip knowing that his hands were dirty and wet with sweat. Plaintiff contends that under these circumstances young Viator should have known that the bat might slip out of his hands and injure someone. In answer to this argument, the defendant argues that the Viator boy acted as any other boy of similar age, intelligence and experience would have acted under the circumstances and that he has therefore met the standard of conduct to which such a child must conform.
The general rule as to the standard of care required of children is set forth in the annotation found in 173 A.L.R. 891 as follows:
"However, the reasonable care required by the general rule is only that degree or amount of care that is ordinarily exercised by one of like age, experience and development. See Hoyt v. Rosenberg [80 Cal.App.2d 500, 182 P.2d 234] (reported herewith) ante, 883.
"A child of tender years is not required to conform to the standard of behavior which it is reasonable to expect of an adult. His conduct is rather to be judged by the standard of behavior to be expected from a child of like age, intelligence and experience. AmL Inst Restatement, Torts, Vol 2, §283, Comment e."
This general rule of law has been recognized many times in the jurisprudence of Louisiana particularly in cases involving the allegation of contributory negligence on the part of a minor. See Kahn v. Shreveport Railway, La.App., 161 So. 636 and Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239 and the cases cited therein. In our opinion the trial judge correctly disposed of this issue in holding as follows:
"A careful examination of all of the facts and circumstances of this case convinces the Court that the Viator boy was not negligent, that is, that he exercised that degree of care reasonably to be expected from a boy of his age engaged in such an athletic contest. This is especially borne out by the fact that the bat in question was the favorite of these players, who were all approximately the same age; that it was not a dangerous instrumentality because of the fact that the knob at the end of the grip was worn and chipped; and that he exercised the precaution of wiping his hands to improve his grip. What more could he have done, other than refrain from batting entirely? To impose liability under such circumstances would, in my opinion, render the participation of the children of this State in almost any game or sport a practical impossibility, and become a constant *834 nightmare to parents throughout the State."
A further reason for denial of recovery is that by voluntarily participating in this game of baseball the Gaspard boy, who was 11 years of age at the time of the accident, assumed the risk of this type of danger which is inherent in the game. On this issue also it is our opinion that the trial judge, in his well considered written opinion, correctly stated the law and its application to the facts of the instant case as follows:
"The Court was not referred to any case involving injuries to participants in the game, nor have I been able to find one as a result of my independent research of our jurisprudence. The law applicable, however, is well stated in the annotation appearing in Volume 8, A.L.R.2d, page 704, 706, section 2, as follows:
"`Summarizing the decisions, without at this point going into a detailed consideration of the underlying theories and reasoning, it appears that generally a participant in a lawful game or contest assumes the danger inherent in that game or contest with consequent preclusion from recovery for injury or death resulting therefrom.
"`But he does not assume the risk of injury resulting from negligence, though, of course he may be precluded from recovering because of his own contributory negligence.'"
"`Nor does the voluntary participant assume the extraordinary risks of the game or contest unless he knew of them and voluntarily assented to them.'
"It would appear, therefore, that Ronnie Gaspard assumed the risk attendant upon his playing the game of baseball with his fellow students at the school of religion."
Although, as the trial judge stated, there are no reported Louisiana cases dealing with claims by participants in a baseball game, two cases, Lorino v. New Orleans Baseball and Amusement Company, 16 La. App. 95, 133 So. 408 and Jones v. Alexandria Baseball Association, La.App., 50 So.2d 93, involved suits by spectators at professional baseball games who were struck by foul balls while sitting in the bleachers. In both of these cases the court followed the well established jurisprudence of our sister states in holding that baseball is a strenuous game involving danger to both players and spectators and that one who, with full knowledge of this danger, attends a baseball game and places himself in a position of danger, assumes the risks inherent in the game.
As is shown by the above quoted portion of the trial court's finding of fact, the injured minor, an alert, intelligent, young athlete, had previously played baseball many times, had played "Little League Baseball" and was thoroughly familiar with the danger of being struck by flying balls or bats. Gaspard testified that he had had the same experience of missing the ball and losing control of the bat. In our opinion, all of the necessary elements of assumption of the risk are present in the instant case. Flying balls and bats are dangerous, young Gaspard knew of the danger and he clearly acquiesced or proceeded in the face of danger by voluntarily playing the game. See White v. State Farm Mutual Automobile Insurance Company et al., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338; Upshaw v. Great American Indemnity Company, La. App., 112 So.2d 125.
For reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.