154 So.2d 623 (1963)
SCOTTISH UNION AND NATIONAL INSURANCE COMPANY
v.
Leo PRANGE, Jr., Chester Travirca and American Central Insurance Company.
No. 1086.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 1963.
Rehearing Denied July 1, 1963.
*624 Bienvenu & Culver, J. S. Arceneaux, New Orleans, for plaintiff-appellant.
Loeb & Livaudais, Stanley E. Loeb, New Orleans, for defendant-appellee.
Before YARRUT, SAMUEL and CHASEZ, JJ.
YARRUT, Judge.
This appeal involves the liability of a father for damages for the tortious acts of his 6-year old son who, together with another, entered the premises of Plaintiff's insured and, as alleged, did "deliberately, wantonly and maliciously break and destroy and damage parts of the premises and its contents." Plaintiff is the subrogated insurer of the owner of the premises, having paid the owner for the damage.
The District Court maintained Defendants' exceptions of no right or cause of action, dismissing Plaintiff's suit, from which Plaintiff has taken this appeal.
Defendants' exceptions were based, primarily, upon the proposition that a child six years old cannot be deemed guilty of an offense or quasi-offense; and that, as there is no liability for damages for tort without fault or negligence on the part of someone, there is no liability on the part of Defendant-parent for an act of his child causing injury to a third person, unless there is coupled therewith an allegation of fault or negligence on the part of the parent.
LSA-C.C. Art. 2318 fixes the liability of a parent for the damages caused by a minor child as follows:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
"The same responsibility attaches to the tutors of minors."
Defendants predicate their defense on the premise that: (1) A 6-year old child is legally incapable of negligence; and (2) that LSA-R.S. 14:13 declares the public policy of Louisiana to the effect that, "Those who have not reached the age of ten years are exempt from criminal responsibility."
The leading case on this issue is that of Johnson v. Butterworth, 180 La. 586, 157 So. 121, decided by the then Chief Justice O'Niell in an exhaustive review of the codal articles and jurisprudence.
In the case cited supra the court held a child under four years of age could not be held guilty of contributory negligence, so that a nurse, employed by the parents to care for such a child, could not recover from the parents for injuries sustained when the child bit her, since she failed to allege that the child was afflicted with a dangerous disposition, and that defendant-parent knew of this danger, but failed to warn her. For the plaintiff's failure to make these essential allegations, an exception of no right or cause of action was maintained, and her suit dismissed.
It has been held many times that a child over seven years cannot be guilty of negligence; a fortiori, one just six years old. Bodin v. Texas Co., La.App., 186 So. 390; Borman v. Lafargue, La.App., 183 So. 548; Shill v. New Orleans Public Service, La.App., 175 So. 113; Dipino v. Joe Gulino & Son, La.App., 154 So. 772; Bridwell v. Butler, 18 La.App. 675, 139 So. 51; Millannos v. Fatter, 18 La.App. 708, 138 So. 878.
As Plaintiff's petition alleges the child to be six years of age, and fails to allege Defendant-father knew of his child's *625 disposition, or any act of the father which aided or encouraged the child in the commission of the tortious acts complained above, Plaintiff's petition failed to state a cause of action, and its suit was properly dismissed.
For the above and foregoing reasons, the judgment of the District Court is affirmed; Plaintiff to pay costs in both courts.
Affirmed.