176 So.2d 833 (1965)
Hazel Delcombre BOUTTE, Plaintiff and Appellant,
v.
AMERICAN MOTORISTS INSURANCE COMPANY et al., Defendant and Appellee.
No. 1451.
Court of Appeal of Louisiana, Third Circuit.
July 1, 1965.
*834 Bush & Moresi by Toxie L. Bush, Jr., Abbeville, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by John Allen Bernard, Lafayette, for defendant-appellee.
Landry, Watkins, Cousin & Bonin, by Jack J. Cousin, New Iberia, for defendant-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
Plaintiff seeks damages for injuries to her hand, sustained when she slipped and fell on a fan, while a guest in the home of defendants, Mr. and Mrs. Ray Venable. From an adverse jury verdict, plaintiff appeals.
The substantial issue is whether the defendant homeowners were guilty of any negligence.
The facts show that Mr. and Mrs. Venable were living apart due to matrimonial difficulties. Mrs. Venable was living in the home with her 4 small children. She worked in a lounge, sometimes until late at night, and paid her next door neighbor, Mrs. Broussard, to take care of the children in her absence. Plaintiff, who at one time had roomed with the Venables, had been staying with Mrs. Venable 2 or 3 nights a week because Mrs. Venable was afraid to stay alone.
The fan in question is of the ordinary oscillating type, with a guard over the blades, and was moved about in the house as needed. At night it was customarily placed on the floor in a small hallway in such a manner as to blow into the bedrooms. This hallway, which must have been about 3 feet wide by 6 feet long, contained doors to all 3 bedrooms, the bathroom and the living room.
On the day in question, September 15, 1962, plaintiff and Mrs. Venable had slept in the home and the children had spent the night with Mrs. Broussard, as they usually *835 did when Mrs. Venable worked late at night. Mrs. Venable arose early and departed, leaving plaintiff alone in the house. Plaintiff arose about 10:00 a. m. and walked out of her bedroom past the fan, which had been operating on the floor that night in its customary place, and through the living room into the kitchen, where she began to prepare her breakfast. Shortly thereafter she heard the 2 younger children, ages 4 years and 3 years respectively, who had come home from Mrs. Broussard's, splashing in the bathtub. Plaintiff went to the bathroom and ordered the children to dress and go back out to play.
A little later plaintiff went back to the hallway, for some purpose she does not remember, and slipped and fell. She reached out her hand to break her fall and it went through the guard into the blades of the fan, causing the injuries complained of.
The first issue is whether the homeowners were negligent. An excellent statement of the duty owed by property owners to their invitees is set forth in the recent case of Tete v. Newark Ins. Co., La. App., 170 So.2d 248 (4th Cir. 1964) as follows:
"Storekeepers and property owners are not insurers of the safety of their invitees; they are only under a duty to keep their premises in a safe condition for use in a manner consistent with the purposes thereof, i. e., free of defects or conditions in the nature of hidden dangers, traps or pitfalls which are not known to the invitee and would not be observed by him in the exercise of reasonable care; the invitee assumes the obvious, normal or ordinary risks attendant on the use of the premises and storekeepers or owners are not liable for injuries to an invitee when those injuries result from a danger which should have been observed by the latter in the exercise of reasonable care. (citations omitted.)
At the outset, we think it is clear plaintiff's fall was not caused by any negligence on the part of the Venables. Plaintiff alleged in her petition that the tile floor in the hall had been wetted by the children, but the evidence fails to support this allegation. Even plaintiff herself was unable to testify that there was any water on the floor in the hallway. Furthermore, these 2 children, ages 4 years and 3 years respectively, were too young to be legally capable of negligence attributable to their parents. Johnson v. Butterworth, 180 La. 586, 157 So. 121 (1934). Also, there was clearly no deficient supervision of the children by the parents. The children were left with the babysitter next door. Even plaintiff herself had the duty, and the right, according to her own testimony, to supervise the children in the event necessary. Hence the evidence fails to show any foreign substance, defect or other condition of the floor which constituted negligence on the part of the Venables.
Plaintiff's principal argument appears to be that it was unsafe to leave the fan on the floor in the small hallway, where Mrs. Venable should have foreseen it might cause injuries. Our answer to this argument is that, under the evidence, the jury was fully justified in concluding this ordinary oscillating fan was being used in a manner consistent with its purpose and did not constitute an undue hazard to an invitee exercising reasonable care. Of course, a fan is dangerous if you carelessly stick your finger in it, just as an ordinary stairway is dangerous if you fail to look where you are going. But this fan, with the usual guard over the blades, and with no defects, had been placed on the floor where it could be easily seen, and where it had actually been seen many times by the plaintiff. It was certainly not foreseeable by Mrs. Venable that the fan would constitute an undue hazard to an invitee using reasonable care.
Since we find the homeowners free of negligence, it is unnecessary for us to consider defendant's alternative defense of *836 contributory negligence on the part of plaintiff.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.