Raymond E. HORN, Jr., Appellant,

v.

AMERICAN EMPLOYERS' INSURANCE COMPANY, Appellee.

No. 24347.

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1967.

Gibson Tucker, Jr., Tucker & Schonekas, New Orleans, La., for appellant.

Warren M. Simon, Jr., Simon & Simon, New Orleans, La., for appellee.

Before WISDOM, BELL and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

In this appeal from a summary judgment in favor of defendant the questions we must resolve are whether the district court correctly ruled that under Louisiana law a child nearly four years old is incapable of negligence and whether the defense of infancy is also available to the liability insurer of the tort-feasor minor. We affirm.

This Louisiana diversity suit was brought originally by Mrs. Ethel Parker Underwood, grandmother of the infant child, Stacy Ann Horn, against the liability insurer of the child's father, Dr. Raymond E. Horn, Jr. The policy also covers the members of Dr. Horn's household. Mrs. Underwood has died and Dr. Horn has been substituted as plaintiff. Mrs. Underwood alleged that she sustained hip injuries when her granddaughter, young Stacy Ann, nearly four years of age, negligently caused her to fall by pulling on her dress. The accident occurred while Mrs. Underwood was visiting the home of the child's parents, her son and daughter-in-law, who were temporarily absent from the premises at the time.

The district court found that under Louisiana jurisprudence a child of such tender years cannot be negligent and that the insurer was entitled to assert the defense of infancy, reserving to plaintiff the right to reopen the action within thirty days by amending the complaint to allege negligence of his wife if he believed the facts and the law to so warrant.[1] Plaintiff did not amend; instead, he brought this appeal, contending that the intellectual capacity of the child to commit an act of negligence is an issue of fact triable by a jury and that the court was not authorized to decide this question as a matter of law.[2]

The Louisiana Revised Civil Code establishes the liability of children and their parents for the tortious conduct of children. Articles 1785 and 1874 provide that minors are responsible for their torts.[3] Articles 237, 2317 and 2318 impose responsibility on the parents for damage occasioned by the torts of their children.[4] While no exception by way of a definite age limit is made by the codal articles to shield children of tender years from responsibility for their own torts, the Louisiana appellate decisions, in interpreting the codal provisions, have provided the exception. It has been specifically held that children of various tender ages cannot be negligent or contributorily negligent. This is so, not because of the facts which might warrant such a conclusion but because of the specified age itself.

Thus it has been held that children, varying in ages from one and a half to seven, are incapable of negligence.[5] Conversely, this insulation from negligence has been qualified and has been held to apply—in the absence of a showing of extraordinary attributes such as intelligence and experience—to children of

1. The court found that "if the complaint were amended to allege negligence on the part of the father, it would have to fail for confusion. [The substituted party-plaintiff would be at the same time plaintiff and defendant.] At this time, we do not find that such a clear bar exists to an action alleging negligence on the part of the mother."

2. On oral argument of this appeal plaintiff's counsel stated to the court that plaintiff cannot allege negligence on the part of the parents because there was none.

3. *LSA–C.C. 1785. "Minors, scope of capacity. * * * The obligation arising from an offense or quasi offense, is also binding on the minor."*
*LSA–C.C. 1874. "Minor's offenses or quasi offenses.* He is not relievable against obligations resulting from offenses or quasi offenses."

4. *LSA–C.C. 237. "Parents' liability for offenses or quasi-offenses of children.* Fathers and mothers are answerable for the offenses or quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses."
*LSA–C.C. 2317. "Acts of others and of things in custody.* We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. * * *"
*LSA–C.C. 2318. "Acts of minors.* The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons. * * *"

5. Johnson v. Butterworth, 180 La. 586, 157 So. 121 (1934). (A child of three.)
Shill v. New Orleans Public Service, La. App., 1937, 175 So. 113. (A child of six.)
Borman v. Lafargue, La.App., 1938, 183 So. 548. (A child of seven.)
Bodin v. Texas Co., La.App., 1939, 186 So. 390. (A child of seven.)
Clair v. Gaudet, La.App., 1962, 144 So.2d 638. (A child of five.)
Scottish Union and National Insurance Co. v. Prange, La.App., 1963, 154 So.2d 623. (A child of six.)
Fabre v. Lumbermens Mutual Casualty Company, La.App., 1964, 167 So.2d 448. (A child of six.)
Boutte v. American Motorists Insurance Company, La.App., 1965, 176 So.2d 833. (Children of three and four.)
Smith v. Preferred Risk Mutual Insurance Company, La.App., 1966, 185 So.2d 857. (A child of seven.)
Frank v. Great American Insurance Company, La.App., 1967, 196 So.2d 50. (Children of one and two.)

varying ages between seven and twelve[6] and, in one known instance, to a child of three. Basham v. Ohio Casualty Insurance Company, La.App., 1958, 106 So.2d 129. As authority for this *qualified* exemption from negligence, appellee relies on *Basham* in which a Louisiana court of appeal affirmed a judgment of the lower court allowing recovery for personal injuries sustained by a three-year-old child against the contentions of defendant that the child was contributorily negligent. The court said, "The jurisprudence uniformly reveals that children of three years * * * in the absence of an exceptional intellect cannot be guilty of contributory negligence. This is too well settled to require citations in support thereof". Appellant contends that the use by the court of the qualifying language supports his argument. However, we do not find the *Basham* decision controlling.

The leading Louisiana Supreme Court (that State's highest court) decision on the well-settled rule which precludes a finding of negligence or contributory negligence on the part of a child under four years of age is Johnson v. Butterworth, 180 La. 586, 157 So. 121 (1934). The *Butterworth* case was an action brought under Article 2318 against the father of a child, three years and two months old, by a nurse employed by the parents of the child, alleging personal injury inflicted by the child in biting the nurse. The Court stated the question for determination to be "whether the parents of an infant, too young to be deemed guilty of an offense or a quasi offense, are liable for damages for bodily injuries inflicted by the infant upon a third person, there being no charge of fault or negligence on the part of the parents." Id., 157 So. at 121. It answered this question by deciding (Id. at 129, 130), "Our conclusion is that, because of the plaintiff's failure to allege that the defendant's child was afflicted with a dangerous disposition and that the defendant knew of the danger and failed to warn the plaintiff, she has failed to set forth a cause of action." In arriving at this decision, the Court said (Id. at 122), "*It is well settled in Louisiana that the doctrine of contributory negligence does not apply to a child under four years of age,*" citing numerous cases and referring to the "well-established" rule in Louisiana "*that a child under the age of four years is not responsible for his or her negligence*". (Emphasis supplied.)

█ Because of *Butterworth* and the overwhelming Louisiana jurisprudence which followed in its wake,[7] decreeing the absolute freedom from negligence of children up to seven years of age, we find no error in the district court's finding that the minor, because of her age, could not be negligent.

██ The one remaining question is whether the district court correctly ruled that the defense of infancy was available to the insurer of the alleged tort-feasor. The Louisiana codal articles which fix liability of minors for their negligence and of parents where dereliction of parental duty is found or where negligence of the minor is imputed to the parents are pertinent only where such liability is predicated on actual negligence.[8] It is axiomatic that if a minor is held to be free of negligence, or incapable of negli-

---

6. Jackson v. Jones, 224 La. 403, 69 So.2d 729 (1953). (A child of seven.)
Gaspard v. Grain Dealers Mutual Insurance Company, La.App., 1961, 131 So.2d 831. (A child of twelve.)
Cormier v. Sinegal, La.App., 1965, 180 So.2d 567. (A child of twelve.)
Ates v. State Farm Mutual Automobile Insurance Co., La.App., 1966, 191 So.2d 332. (A child of nine.)
White v. Hanover Insurance Company, La.App., 1967, 201 So.2d 201. (A child of ten.)

Curry v. Fruin-Colnon Contracting Co., La.App., 1967, 202 So.2d 345. (A child of eight.)

7. See cases cited in footnote 5.

8. Toca v. Rojas, 152 La. 317, 93 So. 108, 111 (1922).
Wagner v. Barbin, 1930, 12 La.App. 640, 125 So. 766.
Gurtner v. Bordes, 1930, 15 La.App. 330, 131 So. 494.
Wise v. Eubanks, La.App., 1935, 159 So. 161.

gence, there can be no imputation of negligence, and in the absence of allegations of negligence of the parents, there can be no liability of anyone. This truism has been consistently applied in favor of liability insurers of minors and their parents. See Scottish Union and National Insurance Co. v. Prange, La. App., 1963, 154 So.2d 623; Fabre v. Lumbermens Mutual Casualty Company, La.App., 1964, 167 So.2d 448; Boutte v. American Motorists Insurance Company, La.App., 1965, 176 So.2d 833; Frank v. Great American Insurance Company, La. App., 1967, 196 So.2d 50. In the *Frank* case the appellate court, in affirming the lower court's holding that the insurance company was not liable, said:

"On the merits, the question is whether the Soileau children, who were respectively two and one-half years of age and one and one-half years of age, were guilty of any negligence for which their father and the defendant insurer are responsible. The answer to this question has been established by our jurisprudence. *Children of this age are too young to be legally capable of negligence and hence there is no negligence which is attributable to their parents or to the insurer.* Johnson v. Butterworth * * * was against a parent; Boutte v. American Motorists Ins. Co. * * * involved a defendant insurer. Plaintiffs' argument in this regard is simply that the holdings in these cases are in error. Our answer is that we are bound by Johnson v. Butterworth and its progeny." (Id. at 53.) (Emphasis supplied.)

In Johnson v. Butterworth, 180 La. 586, 157 So. 121 (1934), in finding no liability on the part of the parent for the alleged negligence of the child, the Court commented that the "proposition, * * * which is appropriate here, is stated in Toca v. Rojas, 152 La. 317, 93 So. 108, 111, where the court announced the rule that under article 2315 of the Civil Code there is no liability without *fault* on the part of some one * * *."

In support of his contention that the defense of infancy is personal to the insured and that the insurer cannot avail itself thereof, appellant cites the cases of Simmons v. Clark, La.App., 1953, 64 So. 2d 520, and Federal Schools, Inc. v. Kuntz, 1931, 16 La.App. 289, 134 So. 118. Neither of these cases pertain to the defense of a liability insurer of an infant tort-feasor. *Simmons* involved a suretyship agreement under which the defendants obliged themselves to pay an obligation of the principal should he fail to do so. In finding that under the laws relating to suretyship the surety was entitled to oppose all the exceptions belonging to the principal debtor except those personal to the debtor, and that the defense was not such a personal defense, the court enumerated certain personal defenses as illustrative, including the defense of infancy. While we cannot ascertain from the court's dictum what it contemplated by the personal defense of infancy, we infer that the court was alluding to the well-established personal defense of immunity of the parents from suit by the child[9] or the immunity of minors from liability on their contractual obligations.[10] In *Federal Schools* the personal defense was explicitly a minor's contractual defense raised by the surety or guarantor of a seventeen-year-old minor's debt. We find both the *Simmons* and *Federal Schools* cases inapposite to the present case. There are no Louisiana

Gott v. Scott, La.App., 1940, 199 So. 460.
Clair v. Gaudet, La.App., 1962, 144 So.2d 638.
Scottish Union and National Insurance Co. v. Prange, La.App., 1963, 154 So.2d 623.
Fabre v. Lumbermens Mutual Casualty Company, La.App., 1964, 167 So.2d 448.

9. *LSA–R.S. 9:571:* "The child who is not emancipated cannot sue: (1) Either

parent during the continuance of their marriage, when the parents are not judicially separated; or (2) The parent who is entitled to his custody and control, when the marriage of the parents is dissolved, or the parents are judicially separated."

10. *LSA–C.C. 1785:* " * * * In all other cases, the minor is incapacitated from contracting, * * *."

codal or statutory provisions or jurisprudence denying the defense of infancy to the insurer of a tort-feasor infant. Since the Louisiana jurisprudence disallows recovery against an insurer of a non-negligent insured, the conclusion is inescapable that no error was committed by the district court in allowing appellee to avail itself of the defense that the minor child could not be legally capable of negligence.[11]

Affirmed.

---

11. *LSA–R.S. 22:655* reads in pertinent part as follows:

"The injured person or his or her survivors or heirs * * * at their option, shall have a right of direct action against the insurer within the terms and limits of the policy * * * and said action may be brought against the insurer alone or against both the insured and insurer jointly *and in solido* * * *." (Emphasis supplied.)

*LSA–C.C. 2098* reads as follows:

"A codebtor in solido, being sued by the creditor, may plead all the exceptions resulting from the nature of the obligation, and all such as are personal to himself, as well as such as are common to all the codebtors.

"He can not plead such exceptions as are merely personal to some of the other codebtors."