220 So.2d 104 (1969)
LUMBERMENS MUTUAL CASUALTY COMPANY, Plaintiff-Appellant,
v.
QUINCY MUTUAL FIRE INSURANCE COMPANY et al., Defendants-Appellees.
No. 2626.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1969.
*105 Davidson, Meaux, Onebane & Donohoe, by Edward C. Abell, Jr., Lafayette, for plaintiff-appellant.
Mouton, Champagne & Colomb, by Welton P. Mouton, Sr., Lafayette, for defendant-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
HOOD, Judge.
Lumbermens Mutual Casualty Company, as the subrogee of its insured, Mayo Duhon, instituted this action to recover from defendants the sum of $7616.03, that being the amount which plaintiff paid to its insured, Duhon, as a fire loss. The suit was instituted against Lt. Commander and Mrs. C. H. Whiteleather, Jr., and their insurer under a comprehensive personal liability policy, Quincy Mutual Fire Insurance Company. Judgment was rendered by the trial court in favor of defendants, rejecting plaintiffs' demands and dismissing the suit. Plaintiff has appealed.
The issues presented center around the question of whether Lt. Commander Whiteleather is responsible for the damages occasioned by his two very young minor children under the circumstances presented here.
On October 16, 1962, the Whiteleathers were residing in a three bedroom, frame residence building which they previously had leased from the owner, Mayo Duhon, in Broussard, Louisiana. There was in effect at that time a fire insurance policy which had been issued by plaintiff to Duhon covering this building. On that date the residence building was damaged by fire, and pursuant to the insurer's obligations under the above mentioned policy Lumbermens paid to Duhon the sum of $7616.03. In consideration of that payment, and pursuant to the insurance contract, Duhon formally subrogated the plaintiff company to all of the claims which he has or may have against any other party arising out of that fire. Lumbermens, as the subrogee of Duhon, thereupon instituted this suit to recover the amount which it had paid as a fire loss.
Commander and Mrs. Whiteleather moved to California after the fire occurred and prior to the time this suit was filed. Mrs. Whiteleather testified by deposition before the case was tried, and her deposition was admitted in evidence at the trial over the objection of defendants. The defendants contend that the trial judge erred in admitting the deposition, and that the testimony of Mrs. Whiteleather, as shown therein, should not be considered on this appeal. We find it unnecessary to determine that issue, because we have concluded that plaintiff would not be entitled to recover whether the ruling of the trial court as to this item of evidence is or is not upheld. We have considered the testimony of Mrs. Whiteleather, therefore, without determining whether her deposition was legally admissible in evidence.
The fire started at about 11:00 a. m. on October 16, 1962, in a closet in one of the bedrooms of the house. The only persons present in the home at that time were Mrs. Whiteleather and two of her children, one of whom was two years of age and the other was three. Shortly before the fire was discovered Mrs. Whiteleather interrupted her housekeeping duties to check on her two children, and at that time she saw them playing with some neighborhood children in the front lawn of her home. After making that observation she resumed her housekeeping chores, which at that time consisted of using a vacuum cleaner in a bedroom. About ten minutes after seeing her children playing in her front lawn she smelled smoke in the house, and she immediately proceeded to investigate. Her investigation led her to a closet in another bedroom in the house, from which closet smoke was emanating. Upon opening the door of that closet she found that some clothes in the closet were on fire and that her two young children were huddled on the floor in one corner of the closet. The children were removed immediately, *106 and Mrs. Whiteleather called the fire department and attempted unsuccessfully to put out the fire. The children were unharmed, but the house was seriously damaged before the fire was extinguished.
The day before the fire occurred Mrs. Whiteleather quit smoking, and she put her cigarette lighter on a portable bar in her living room where it remained until shortly before the house was damaged. The bar was about five feet high, and the defendant's two small children were not able to reach the lighter while it was on that bar unless they pulled up a chair or some other device on which they could climb. Since they could not reach the lighter without climbing, we assume that they also could not see it while they were on the floor and the lighter was on top of the bar. After the fire was extinguished this cigarette lighter was found in the closet where the blaze originated, and we think it is logical to conclude that the two children had started the fire while playing with this cigarette lighter.
Mrs. Whiteleather testified that before this incident occurred she had instructed her children that they were not to play with cigarette lighters, and that she had never known of them to play with matches, with fire or with cigarette lighters.
Plaintiff alleges two distinct grounds as the basis for its demands. It contends, first, that under the provisions of LSA-C.C. art. 2318 Whiteleather, as the father of the two children who started the fire, "is liable for the damage caused by the minor children without regard to negligence." And, second, it contends that Mrs. Whiteleather was guilty of independent negligence in allowing the children to obtain possession of and to play with the cigarette lighter, that her negligence in that respect was the proximate cause of the damage, and that all of the defendants thus are solidarily liable for those damages.
The pertinent part of Art. 2318 of the Louisiana Civil Code provides:
"The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons."
Although this article of the Civil Code does not use the word "fault" or the word "negligence," the article is included in the chapter of the Civil Code which deals with "offenses and quasi offenses," and we think it must be construed with reference to the other articles in that chapter. It also must be read with Article 237 of the Civil Code, which provides that "Fathers and mothers are answerable for the offenses or quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses." Gott v. Scott, 199 So. 460 (La.App.2d Cir. 1941).
We have considered all of these provisions of the Code and have concluded, contrary to plaintiff's argument, that Article 2318 does not impose liability on the parent for the damage occasioned by the offenses or quasi offenses of his minor child, unless fault or negligence on the part of someone is established. The parent may be liable for damages because of negligence on the part of the child, or he may be liable because of independent negligence on the part of the parent or other person under whose care the child has been placed. The father, however, is not responsible for the torts committed by his minor child unless the damage was caused by the negligence or fault of the child, or by the independent negligence of the parent or other person in whose care the child has been placed. See Phillips v. D'Amico, 21 So.2d 748 (La.App.Orl.Cir. 1945); Scottish Union and National Insurance Company v. Prange, 154 So.2d 623 (La.App. 4th Cir. 1963); Johnson v. *107 Butterworth, 180 La. 586, 157 So. 121 (1934); Fabre v. Lumbermens Mutual Casualty Company, 167 So.2d 448 (La.App. 1st Cir. 1964); Toca v. Rojas, 152 La. 317, 93 So. 108 (1922); Davis v. Allstate Insurance Company, 206 So.2d 748 (La.App.2d Cir. 1968); Horn v. American Employers' Insurance Company, 386 F.2d 360 (5th Cir. 1967); Wagner v. Barbin, 12 La.App. 640, 125 So. 766 (La.App. 2d Cir. 1930).
In Johnson v. Butterworth, for instance, our Supreme Court appropriately said:
"* * * there is no liability on the part of the parents for an injury done to a third person by their minor child unless the injury was the result of an offense or a quasi offense on the part of the child, or negligence or imprudence on the part of the parent."
The United States District Court for the Eastern District of Louisiana observed in Underwood v. American Employers Insurance Comany, 262 F.Supp. 423 (1966), that:
"In addition to the minor's responsibility for his own torts, parents are responsible for the damage occasioned by their minor children, Civil Code Art. 2318. However, despite the apparent strict liability imposed by Article 2318, the Louisiana courts have interpreted it to find parental liability only where someone is at fault, that is, where either the child is himself negligent or the parent has by some negligence of his own caused the damage. Civil Code Art. 237; Toca v. Rojas, 152 La. 317, 93 So. 108, 111 (1922); Johnson v. Butterworth, 180 La. 586, 157 So. 121 (1934); Phillips v. D'Amico, 21 So.2d 748, 750 (La.App. 1945)."
In Phillips v. D'Amico, supra, the defendant father was held to be liable in damages for the tortious acts of his 10 or 11 year old son because the court found that the minor son was guilty of actionable negligence. In arriving at that conclusion, however, the court said:
"While neither Article 2317 nor Article 2318, both of which are already quoted, contains the word `fault' or the word `negligence', never, so far as we know, has either been interpreted as creating liability unless there is fault or negligence on the part of someone; either on the part of persons `for whom we are answerable' under Art. 2317, or on the part of `minor or unemancipated children' for whose acts the father or the mother is answerable under Art. 2318. If there is liability in a father for damage caused by his minor son in using an air gun, there must be fault on the part of some one either on the part of the father in permitting his son to use the gun or in the minor in using a dangerous instrumentality under circumstances which render it probable that damage may result, or, if it be an instrumentality which is not in itself dangerous, then in using it negligently or carelessly."
In the instant suit the Whiteleather children were only two and three years of age, respectively, and under our jurisprudence they were too young to be legally capable of negligence. Johnson v. Butterworth, supra; Boutte v. American Motorists Insurance Company, 176 So.2d 833 (La.App. 3d Cir. 1965); Frank v. Great American Insurance Company, 196 So.2d 50 (La.App. 3d Cir. 1967); Underwood v. American Employers Insurance Company, supra; Horn v. American Employers' Insurance Company, supra. Since the two children were incapable of being negligent, the father cannot be held to be responsible in damage on the theory that the children were at fault. We turn, therefore, to the question of whether there was independent negligence on the part of either parent.
Plaintiff contends that Mrs. Whiteleather was negligent in placing an operable cigarette lighter within reach of her children, *108 and in failing to properly supervise the children while the lighter was accessible to them.
Mrs. Whiteleather testified by deposition that there were chairs in the living room of her home, and that when she placed the lighter on the bar she knew that her children could reach it by pulling up a chair and climbing on it. She stated, however, that it was her practice to check on the children every ten or fifteen minutes during the day, and that she did not remember any occasion on which her children had ever operated her cigarette lighter before. This last part of her testimony was contradicted by plaintiff's insured, Mayo Duhon, who stated that he had seen the children light cigarettes for Mrs. Whiteleather with the lighter before and after the fire occurred.
The trial judge concluded that Mrs. Whiteleather was not negligent in placing the lighter on the five foot bar, that she had exercised reasonable supervision over her children, and that it would be "placing too great a burden" on a parent to require any closer supervision.
We agree with the conclusions reached by the trial court. Here, the cigarette lighter had been placed out of sight of the children, and it was in a place which was difficult for them to reach. Young children, of course, are able to climb, and Mrs. Whiteleather was aware of that fact when the lighter was placed on the bar. She regularly checked on her children every ten or fifteen minutes, however, and since the lighter was not readily visible to them, and at least a little time would be required for them to pull a chair up to the bar, we cannot say that she was negligent in placing the lighter in that particular place.
It would be unreasonable, we think, to require parents to keep every object which may be dangerous in the hands of a child under lock and key or in a place where it could not be reached by the child, even by climbing. If such a requirement should be imposed, then it necessarily would have to be applied to kitchen knives and utensils, scissors, sewing equipment and other household articles, as well as to cigarette lighters. In most cases we think it would be impossible to keep all such objects beyond the reach of active young children. Where objects of that nature are readily accessible to young children, of course, the parents may be required to exercise closer supervision over them.
In our opinion the question of whether the father is liable for the damages occasioned by his minor child, who is too young to be capable of negligence, must be resolved by determining whether the parent should reasonably have foreseen the danger, and thereupon took reasonable precautions or exercised reasonable supervision over the child in an effort to avoid the foreseeable damage.
In the instant suit we feel, as did the trial judge, that Mrs. Whiteleather took reasonable precautions and exercised reasonable supervision over her children in an effort to avoid damage. We conclude that she was not negligent in allowing the cigarette lighter to remain on the bar, or in failing to maintain proper supervision over her children.
Since the children were incapable of being negligent, and the parents were free from independent acts of negligence, the parents and their insurer are not liable for the damages occasioned by the acts of the children.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.